## Case No. 5,766.

### GREENE v. JAMES.

[2 Curt. 187.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1854.

CONSTITUTIONAL LAW—INTOXICATING LIQUORS— SEIZURE.

The act of the legislature of Rhode Island, passed at the January session, 1853, entitled "An act for the more effectual suppression of drinking-houses and tippling shops" [Laws R. I. 1851–53. p. 948], so far as it authorizes a seizure of property. is in conflict with the constitution of the state, because it does not provide for notice to the owner. by due legal means, of the nature and cause of the accusation. nor for a trial of the question, whether the liquors seized were held for sale in violation of law.

[Cited in Mitchell v. Lippincott, Case No. 9,665.]

[Cited in Dunn v. Burleigh, 62 Me. 30.]

[See note at end of case.]

At law.

Mr. Ames. for plaintiff.
Jenckes & Payne, contra.

Before CURTIS, Circuit Justice, and PITMAN, District Judge.

CURTIS, Circuit Justice. This is an action of replevin. brought by [William H.

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

Greene] a citizen of the state of New York, against [Samuel James] a citizen of the state of Rhode Island, for a quantity of wine and spirits, alleged to be the property of the plaintiff, of the value of seven hundred and fifty dollars, and to have been unlawfully taken and detained by the defendant. The defendant does not traverse the allegation of property in the plaintiff, but avows the taking by Daniel Wightman, a deputy sheriff of the county of Providence, under whom the defendant makes cognizance as bailiff; and this taking and detention are alleged to have been under and by virtue of certain warrants, which, together with the proceedings whereon the warrants rested, are set out in the plea. These proceedings were had and warrants issued under an act passed at the session of the legislature of Rhode Island, held in January, 1853, entitled "An act for the more effectual suppression of drinking-houses and tippling shops." The plaintiff demurred to this avowry, and the demurrer being joined, it is insisted that so much of this act as touches the proceedings in question, is in conflict with the constitution of Rhode Island, and is therefore inoperative.

It appears by the avowry that a complaint on oath was made by the marshal of the city of Providence, on the 21st day of June, 1854, to the court of magistrates of that city, alleging that one John Reefe did keep or suffer to be kept on his premises, or possession, or under his charge, in certain described rooms, in the city of Providence, for sale within that city, strong or malt liquors, in violation of the act above mentioned. Upon this complaint a warrant issued against Reefe, personally, he was arrested, tried, convicted, and fined, and appealed to the court of common pleas.

On the 22d day of June, three legal voters of the city of Providence made another complaint before the same court of magistrates, in which they allege, that they have reason to believe, and do believe, that in certain described premises, which appear from the description to be the same which were described in the complaint against Reefe, strong or malt liquors, in packages, the description and marks of which are given, are held for sale by John Reefe, contrary to the act above mentioned, and that a warrant has already issued against him.

Another similar complaint appears to have been made on the same day, but it is not necessary in this case to distinguish between them. Warrants were issued upon these complaints, and the taking and detention on these warrants, are the taking and detention alleged in the writ. The question is, if they were lawful or unlawful; and this depends on the other question, whether those provisions of the act of January, 1853, which authorize proceedings to arrest and forfeit such property, are, or are not in conflict with the constitution of the state.

I am spared the necessity of going at large into reasoning on this question, by the decision heretofore made by the supreme court of Rhode Island. They have decided that inasmuch as this act does not provide for any trial of the question whether the liquors seized were held for sale in violation of law, and the owner of the property is not informed in due course of law, of the nature and cause of the accusation, by reason of which a forfeiture is sought, the proceeding against the property is unlawful. Under the 34th section of the judiciary act (1 Stat. 92), this case is to be decided according to the law of the state of Rhode Island. It belongs to the highest judicial tribunal of the state to interpret its constitution, and declare how far, and in what respects, any act of the legislature is in conflict therewith, and therefore inoperative. Webster v. Cooper, 14 How. [55 U. S.] 488.

Being satisfied, that in this instance, the highest court of Rhode Island has placed a construction upon the constitution and this act, so far as it respects proceedings against the property, which is in accordance with the law of the state, and I ought to add, fully concurring therein, and in the reasons on which it is rested by them, I am of opinion the plaintiff is entitled to judgment on the demurrer.

[NOTE. In Greene v. Briggs, Case No. 5,-764, a similar act was held unconstitutional, because the law authorized a complaint against no person in particular, and did not require a recital of the substantive facts necessary to constitute the offense. Such a proceeding the court said was not "due process of law."]