# A. H. HAYES et al. *v.* JOHN W. CROCKETT and JOSEPH H. MADDOX.

The vendor's privilege does not extend to personal property which has passed into the hands of a third purchaser, although such purchaser may have known of the embarrassed circumstances of his immediate vendor.

APPEAL from the Second District Court of New Orleans, *Lea, J. Bonford* and *Finney*, for plaintiffs. *Mott* and *Frayser*, for *Maddox*. By the court:

SLIDELL, J. For the reasons assigned by the district judge, judgment affirmed.

The following is the judgment of the district court:

"This case differs from that of *Waters & Co.* against the same defendants, in but one material point. The plaintiffs sue upon the original obligations of *Crockett, Frost & Co.*, given as the price of the Crescent newspaper establishment, alleging an assumption by *J. H. Maddox & Co.*, of the payment of the notes sued for the payment of which they claim a privilege upon the materials of said establishment.

"The evidence does not, in my opinion, establish any assumption of the debts of *Crockett, Frost & Co.* by *J. H. Maddox & Co.*, and the vendors' privilege does not extend to personal property which has passed into the hands of a third purchaser. It is clearly shown that, prior to the institution of this suit, *Maddox* purchased the Crescent newspaper establishment, 'including the types, presses, fixtures, circulation, good will, &c., thereto belonging.' It is contended that this purchase was a fraud upon the vendor, having been made with a knowledge of his (the vendor's) rights, out of the usual course of business, to the injury of plaintiffs. It is evident that *Maddox* knew of the embarrassments of the firm of *Crockett, Frost & Co.* ; he, perhaps, knew that they were insolvent, and it is not improbable that he may have known that the plaintiffs were their creditors, but it is by no means certain that he was acquainted with the nature of their privilege.

<div style="margin-left:2em">
HAYES
*v.*
CROCKETT.
</div>

"The case of *Beck & Co.* v. *Brady et al.*, is referred to by plaintiffs' counsel, as authority in this case. The two cases present scarcely any points of resemblance. *Maddox* appears to have the means of meeting his obligations (at least the contrary is not pretended). He paid not only a fair price, but one far above the value of the establishment; and he cannot be said to have purchased out of the usual course of business, inasmuch as no course of business is shown to prevail in relation to sales of this character. If, instead of purchasing a newspaper establishment, *Maddox* had, under similar circumstances, purchased a quantity of dry goods, hardware, or other movables, on terms corresponding with the usual business credits, which goods, after the purchase, had been removed to another store, it appears to me, that neither his possession nor title could be disturbed. See C. C. 1981, 2628.

"The fact that a newspaper establishment is not susceptible of convenient removal, ought not to prejudice the rights of a purchaser. If the doctrine contended for by the plaintiffs' counsel be correct, then no sale made by one in an actual or supposed state of insolvency, to one acquainted with the fact, would be valid, though made for a valid consideration, and in the usual course of business. See 12 L. R. 263.

"Perhaps the defendant is not entitled to an absolute judgment in his favor, but, under any view of the case which I have taken, the plaintiff cannot recover.

"The court having duly considered this case, for the reasons assigned in the written opinion this day delivered and on file, it is ordered, adjudged and decreed, that there be judgment of nonsuit herein, so far as relates to plaintiffs' claim against *J. H. Maddox*."