PROVO STY, J.
The Court of Appeal for the parish of Orleans has certified to this court for instructions the following question:
“May a purchaser on credit of movable property validly give it in pledge to a third person, who knows that he has not paid the price (but is otherwise in good faith), so as to vest in the pledgee a right superior to that of the vendor, whose privilege thereupon ceases (?) by reason of the property having passed out of the possession of the vendee?”
We answer, Yes. In Dreyfous v. Cade, 138 La. 298, 70 South. 231, this question was very fully discussed, with full reference to authorities, and was decided in the affirmative.
The decisions which have appeared to our learned Brethren of the Court of Appeal to be opposed to this we have not found to be so in réality. They are Compton v. Dietlein & Jacobs, 118 La. 360, 42 South. 964, 12 L. R. A. (N. S.) 174; Fetter v. Field, 1 La. Ann. 80; Seelig v. Dumas, 48 La. Ann. 1494, 21 South. 91; Hewett v. Williams, 48 La. Ann. 686, 19 South. 604; and Bres & O’Brien v. Cowan, 22 La. Ann. 438.
The first, Compton v. Dietlein & Jacobs, involved the “Misdemeanor in trade and commerce act,” and the present case does not come under that act.
The next, Fetter v. Field, is not only not opposed but is strictly in line. The vendee shipped the goods and pledged the bill of lading, and the pledgee was preferred to the vendor, because the delivery of the bill of lading was a delivery of the goods, and by express provision of article 3227 of the Code the vendor’s privilege continues to exist only so long as the property sold “still remains in the possession of the purchaser.”
In Seelig v. Dumas, the suit was in damages, and was based on the fact that the property had not been sold to Theresa Hamilton but only leased, and that the purchaser from this lessee was aware of that fact. There was no attempt being made to enforce the privilege of the vendor. Very true, the court added that the suit in damages might have been maintained even though the property had been not leased but sold to Theresa Hamilton; but this was on the principle enforced in Irish v. Wright, 8 Rob. 428, that a person who fraudulently aids a debtor in placing his property beyond the reach of his creditors renders himself liable in damages to the creditors.
The otjher cases did not involve the privilege of the vendor but that of the furnisher of supplies on the crops of the year, as to which the Code, art. 3217, says that it rests not only on the crops hut also on the proceeds thereof, and that it “shall not be divested * * * by any seizure and sale of the land while the crop is on it.” It was under this provision of the Code that these decisions were rendered. See, also, Weill v. Kent, 52 La. Ann. 2139, 28 South. 295; National Bank v. Sullivan, 117 La. 163, 41 South. 480.