No. 2350

Second Circuit

---

ROBINSON v. TATUM
MOORE, Intervenor

---

(November 10, 1927. Opinion and Decree.)
(December 21, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Sales—Par. 168.**
There is no law prohibiting a vendee of a chattel on which there rests a vendor's lien from making a valid sale thereof, and the fact that one who buys from such vendee knew of the existence of the lien does not render the sale null and void.

**2.  Louisiana Digest—Sales—Par. 168.**

"When there is no question of insolvency or fraud, a purchaser on credit of movable property may sell it to a third person who knows that he has not paid the price, and the original vendor loses his privilege therefor (save in the case of agricultural products, under certain conditions) when the property passes out of the possession of his purchaser and into the possession of such third person."

**3.  Louisiana Digest—Sales—Par. 309.**

The vendor's lien attaches to personal property only so long as it remains in the hands of the vendee.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Sabine. Hon. Hal A. Burgess, Judge.

Action by G. R. Robinson against J. A. Tatum; O. F. Moore, Intervenor.

There was judgment for plaintiff and intervenor appealed.

Judgment reversed and writ of sequestration dissolved.

Don E. Sorelle, of Many, attorney for plaintiff, appellee.

R. A. Fraser, of Many, attorney for intervenor, appellant.

ODOM, J.  Plaintiff sold to defendant, J. A. Tatum, sixteen work oxen and two log wagons for a consideration of $1200.00, of which amount $600.00 was paid and the vendee executed his two promissory notes each for $300.00 for the balance of the purchase price.  These notes were not paid when due, and the plaintiff brings this suit against Tatum to collect the notes and asks that his privilege as vendor be recognized and enforced against the chattels sold.

Under proper allegations, plaintiff procured the issuance of a writ of sequestration and the property was sequestered.

O. F. Moore intervened in the suit, claimed ownership of the cattle and wagons, specifically alleged that he purchased said property from Tatum, the defendant, on August 19, 1924, took immediate possession thereof and was in possession on the date plaintiff's suit was filed and the property sequestered, and he prayed that there be judgment decreeing him to be the owner of the property and that plaintiff's claim of a privilege thereon be denied.

The defendant, Tatum, answered both the petition of plaintiff and that of intervenor, admitting the debt but denying that plaintiff had a lien and privilege on the chattels and admitted that he sold the property to the intervenor as alleged.

There was judgment for plaintiff against Tatum for the full amount sued for, recognizing his vendor's lien on the property sold and maintaining the sequestration, and further, rejecting the demand of the intervenor and decreeing that the sale of the property to intervenor was null and void.

The intervenor appealed.

## OPINION

The defendant, Tatum, having admitted his indebtedness to plaintiff as alleged, there are presented for determination but two questions, one of fact and the other of law.

First:  Did the defendant, Tatum, sell to Moore and deliver to him the property which he had purchased from the plaintiff and on which there was a vendor's privilege for the balance of the purchase price; and,

Second:  If there was such a sale and delivery to Moore by defendant, did that sale divest the vendor's privilege, conceding that Moore, the purchaser, had knowl-

edge of the fact that the purchase price of the property had not been fully paid.

The lower court correctly held that Tatum did sell the property to Moore; but it set aside the sale, on the ground, as we gather from statements in counsel's brief, that Moore knew when he purchased the property that the purchase price had not been fully paid.

The sale from Tatum to Moore and the delivery of the property is established beyond question. Tatum alleged in his answer that he had sold and delivered it to Moore and he so testified. Moore and others swore that he, Moore, purchased the property and that the same was delivered to him in due course. Counsel for plaintiff drew from some of the witnesses statements to the effect that Tatum, the defendant, had told them that he had not sold to Moore but had turned the oxen and wagons over to him so that he, Moore, could use them and work out a debt which he owed Moore. But, as stated, Tatum in his answer and as a witness stated that he had sold to Moore and Moore and others swore that the sale was made.

The lower judge, therefore, correctly held that there was a sale, but he erred in setting the sale aside and in recognizing plaintiff's vendor's lien on the property.

During the progress of the trial the court propounded the following question to Moore, the intervenor.

"Mr. Moore, did you know the teams had not been paid for at the time you bought them?"

And Moore answered:

"Yes, sir; I knew the notes hadn't been paid."

The plaintiff, in answer to Moore's intervention claiming ownership of the property, alleged:

"That should the defendant, J. A. Tatum, join said intervenor in such claim, that your petitioner then alleges said pretended sale is fictitious and no delivery of said property has ever been made to intervenor as he alleges."

The court below did not hold that the sale was fictitious or that no delivery had been made. He could not so hold, as the record utterly fails to disclose any fraud or bad faith or collusion between Tatum and Moore. The sale was in good faith and delivery was promptly made.

But the court held that inasmuch as Moore knew that the balance of the purchase price had not been paid, the sale should be set aside. We know of no law or precedent warranting such holding. To the contrary, our Supreme Court has held the other way.

In the case of Burdeau vs. His Creditors, 44 La. Ann. 11, 10 So. 395, the court said:

"Evidently there is no prohibition against a sale being made by a vendee of goods which are purchased on a credit; and no fraudulent intent can attach to the act, though his contract be thereby violated."

And, in a later case, Dreyfous vs. Cade, 138 La. 297, 70 So. 231, it was specifically held, to quote the syllabus written by the court:

"There are various provisions of our law which penalize purchases and sales of property with intent to cheat and defraud; but when there is no question of insolvency or fraud, a purchaser on credit of movable property may sell it to a third person who knows that he has not paid the price, and the original vendor loses his privilege therefor (save in the case of agricultural products, under certain conditions) when the property passes out of the possession of his purchaser and into the possession of such third person."

And, in a still later case, that of Pierson vs. Carmouch, 146 La. 798, 84 So. 59, the

court held that a purchaser on credit of movable property could validly give it in pledge to one who acted in good faith so as to vest in the pledgee a right superior to that of the vendor, even though the pledgee knew that the purchaser had not paid the purchase price.

See Continental Bank & Trust Co. vs. McCann, 151 La. 311; Yates vs. Merritt, 151 La. 344, 91 So. 759.

The vendor's privilege attaches to movables only so long as they remain in the hands of the purchaser.

Civil Code, Articles 3217, 3227.

For the reasons assigned, it is now ordered, adjudged and decreed that the judgment appealed from be set aside; and, proceeding to render such judgment as should have been rendered, it is now ordered, adjudged and decreed that the plaintiff, C. R. Robinson, have judgment against and recover from the defendant, J. A. Tatum, the sum of six hundred dollars, with interest at 8% per annum on three hundred dollars thereof from July 1, 1924, until paid, and interest at 8% per annum on three hundred dollars thereof from January 1, 1925, until paid; with reservation of plaintiff's right to sue the sureties on the notes. And further ordered that the writ of sequestration sued out by plaintiff be dissolved and set aside and that plaintiff's demand for recognition of his vendor's privilege on the property sold by him to Tatum be rejected. And further ordered that the title of O. F. Moore, intervenor, to the property in controversy be recognized, and that said property be delivered to him free from any right or privilege of the vendor, Robinson. Defendant, Tatum, to pay the costs of the main suit. All other costs to be paid by plaintiff, Robinson.