CITY OF NEW ORLEANS BY AND THROUGH THE PUBLIC BELT R. R. COMMISSION FOR THE CITY OF NEW ORLEANS v. NEW ORLEANS COAL & BISSO TOWBOAT CO.

———

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)

———

Wm. McL. Fayssoux, of New Orleans, attorney for plaintiff, appellee.

Bond, Curtis, Hall & Foster, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. The plaintiff sued for demurrage on coal cars in the sum of $5,155, and for legal interest from judicial demand. The defendant, in answering, denied any indebtedness, but on the trial of the case admitted that $4,265 was due, and contested only an item of $5 and another item of $293, whereupon the plaintiff reduced its claim to $4,563. The trial court, after a hearing in which only $298 was in contest, rendered judgment for plaintiff in the sum of $4,563, the amount to which plaintiff's claim had been reduced. Defendant first appealed to the Supreme Court, and that court, under the number of 29842 of its docket. City of N. O. vs. N. O. C. B. Towboat Co., 168 La. 1093, 123 South. 724, held, through Chief Justice O'Niell, that the amount involved was only $298, a sum manifestly below its minimum jurisdiction, and ordered the case transferred to this court.

The issues presented here involve:

First, an item of $5, representing a charge for demurrage on car D. T. I. 1029, under date of July 22, 1923;

Second, a demurrage charge amounting in the aggregate to $293, based upon an amount alleged to be due plaintiff on cars which defendant contends has not been sufficiently proven; and

Third, a question of whether interest shall be allowed upon the judgment from judicial demand.

As to the first charge, that concerning the item of $5, the objection is made that under the tariff rules demurrage begins to run only after 7 o'clock a. m.; that is to say, that a shipper has until 7 a. m. in which to unload a car before being charged for demurrage for that day. It is alleged that this particular car was examined at 6 a. m. instead of 7 a. m., and it is contended that, though it was found to be full at 6 o'clock, it might have been emptied by 7 o'clock. There is no pretension that it was, as a matter of fact, emptied at 7 o'clock, but simply that it might be. The point is not stressed and does not seem to us to be serious, since there is no showing that defendant was in any way prejudiced by the examination of the car at 6 o'clock instead of 7.

As to the second item in contest, that involving $293, defendant resists payment of this amount upon the ground that it is based upon the record of the demurrage clerk of the plaintiff railroad, who reported the cars for which charges of demurrage were assessed as having been constructively placed, when the records of the yard clerk do not affirmatively show that the cars in question had been received in the yard of the plaintiff Public Belt Railroad. In the absence of any countervailing proof, we consider the record of the demurrage clerk, whose duty it was to check the cars and assess the demurrage charges, sufficient.

As to the third contention of defendant, to the effect that interest should not be allowed, the argument is that demurrage is a penalty and not a debt upon which interest may be assessed for failure to pay. On the other hand, plaintiff relies upon article 1938, R. C. C., which provides that "all debts shall bear interest at the rate of five per centum per annum from the time they become due, unless otherwise stipulated." Interest is asked only from judicial demand. We have been referred to no express authority on either side and have reached the independent conclusion that interest is due. Demurrage may be assimilated to storage charges, with which it is closely analogous; "the only difference being that, in the latter instance, the goods are removed from the car by the carrier's agents and placed in warehouses, while in the former they remain in the car until unloaded by the owner." 10 C. J. 464.

"The law imposes upon railroad companies the duty of supplying the shipping public with prompt and proper service. They are bound to furnish cars, and if the owner of goods shipped does not perform his duties in unloading within a reasonable time, the public, as well as the carrier, may be greatly inconvenienced. Railroads are under heavy duties and liabilities as public carriers, and it would be manifestly unjust to deny them the right to make reasonable demurrage charges for the unreasonable detention of their cars." Baltimore, etc., R. Co. vs. Luella Coal Co., 74 W. Va. 289, 81 S. E. 1044, 1045, 52 L. R. A. (N. S.) 398.

In this view demurrage may be said to be compensation for the use of the facilities of the railroad beyond a reasonable time, during which their gratuitous use is permitted by, or required of, the carrier. We are of opinion that interest should be allowed upon demurrage charges, as well as upon charges for freight or other obligations of the shipper.

For the reasons assigned the judgment appealed from is affirmed.