PROVOSTY, C. J.
Defendant, who conducts an automobile shop in the town of Zolle in this state, traded two secondhand Ford automobiles and some cash to a stranger for an Overland touring automobile, which this stranger had become possessed of two days previously by entering into a conditional sale with the plaintiff in the state of Arkansas.
By the terms of this conditional sale the car was not to cease to belong to the plaintiff and become the property of this stranger until fully paid for. The stranger had given plaintiff a check for $500, and executed his three promissory notes for the balance of the purchase price. The cheek was 'worthless the bank on which it was drawn had never had any fjinds for this stranger.
Plaintiff used due diligence'in presenting the check for payment, and in tracing the ear, and in bringing this suit for its recovery .when, within a few days, it was found in defendant’s possession.
The stranger disappeared, with the two Fords and the cash given him by defendant. Defendant acquired in good faith.
By the law of Arkansas such a conditional sale does not convey the ownership (Pierce v. Whipple, 123 Ark. 132, 184 S. W. 837), whereas by the law of Louisiana it does (Barber Asphalt Paving Co. v. St. Louis Cypress Co., 121 La. 153, 46 South. 193), and by Act 193, p. 321, of 1920, of the Legislature of this state, then in force, sales of automobiles have to be made by authentic act and duly recorded, and the penalty of fine or imprisonment is denounced for violation of the act.
On the case as thus presented, the Court of Appeals of the Second circuit certifies to this court the following questions:
“First.
“Under the law and jurisprudence of this state, relative to so-called conditional sales, did the plaintiff company, under the circumstances connected with its transfer of the car to Davis, as herein related, retain or have such a title to the car as to permit it to reclaim the car from a citizen of this state, who had acquired it in *625 good faith, for an adequate consideration from the apparent owner?
“Second.
“Does Act 198 of 1920, strike with nullity, a verbal sale of an automobile, and prohibit the introduction of parol testimony to prove title thereto ?”
When this stranger brought the automobile into this state he had no title to it; and he acquired none thereafter. Not having any, he could convey none. The sale to him not having been made in this state, was not governed by the law of this state. C. C. art. 10. Therefore defendant acquired no title; and therefore also said Act 193 of 1920 does not apply to this case.
 Nor is the rule, that where one of two innocent persons must suffer loss by reason of the fraud of a third person, the loss should fall upon him by whose act or omission the wrongdoer has been enabled to commit the fraud, apply to the case. Defendant relied upon what the stranger told him', and upon the fact that the ‘stranger had possession of the car and appeared to be owner. If the stranger had told him! the truth, he would not have been in good faith in purchasing from him. Eor any lies of this stranger plaintiff is not responsible. The only thing plaintiff is responsible for is for the stranger’s having had possession. But the letting a person have possession of a movable is not enough for estopping an owner from recovering his property from a third person who has purchased it in good faith from the possessor. If it were, a lessor or lender could not recover from a person who had bought in good faith from the lessee or borrower; and no one would pretend such a thing. In order that said rule should apply, the owner must.have clothed the defrauder with some indicium of ownership besides mere possession. 24 R. C. L. 663, p. 376.
The rule enunciated in article 10, C. C., supra, which has its foundation in mere comity, will not be applied where to do so would displace rights derived from the laws of the state of the forum. Tyree & Co. v. Sands & Co., 24 La. Ann. 364. But, in the present case, no rights derived by defendant from the laws of this state are displaced. The reason why defendant has no rights is that his vendor had none and could convey none, and that he has not acquired any from any other source.
Our answer to the first question is, Yes; and to the second, that the act in question has no application to this case.