## No. 256

### First Circuit

---

## SECURITY SALES CO. OF LA., INC., v. BLACKWELL

---

(March 7, 1928. Opinion and Decree.)
(April 11, 1928. Rehearing Refused.)
(January 28, 1929. Writ of Certiorari and Review affirmed by Supreme Court.)

---

652

Deutsch and Kerrigan, of New Orleans, and Miller & Heintz, of Covington, attorneys for plaintiff, appellant.

L. V. Cooley, Jr., of ·Slidell, attorney for defendant, appellee.

LECHE, J. Dissents for written reasons stated.

ELLIOTT, J. Security Sales Co. of La., Inc., alleges that it is the owner and as such entitled to the possession of a Ford automobile truck, 1926, model, motor number 13,161,042 by purchase on March 9, 1927, of the right title and interest of Poplarville Garage Co., Inc., in and to the same.

That Poplarville Garage Company, Inc., sold and delivered the machine on March 9, 1926, to Joseph Namie by a conditional sales act executed and signed at Poplarville in the State of Mississippi.

That the price in said act of sale was $468.00 of which $175.00 was paid in cash at the time of the sale; the balance was to have been paid in monthly installments of $29.30 each month, commencing one month after date of sale. The title to the machine to remain in vendor until all the credit installments were paid in full.

The machine was delivered to said Namie under said contract at Poplarville in the State of Mississippi. That said Namie never paid the full purchase price due by him on said machine. That he brought it into the State of Louisiana and sold it. That Rob Blackwell has possession of it, etc.

The defendant Blackwell alleges ownership and possession by purchase made in the State of Louisiana from the Slidell Motor Company on July 26, 1926, in good faith without notice of plaintiff's claim or that of its author. C. H. Larrabee was called in warranty by defendant.

The case was submitted to the Court on an agreed statement of facts.

Defendant admits that the allegations of fact contained in the petition of the plaintiff are true.

Plaintiff admits that the allegations of fact contained in the answer of said Blackwell and of said Larrabee called in warranty, are true.

The question of ownership was decided in favor of the defendant and the plaintiff appealed.

We could take judicial cognizance of the fact that the common law prevails in Mississippi, to the extent not modified nor changed by statutes. The statute law of a sister state must be proved as a matter of fact. The agreement of the parties admits as a fact the averment in Article 7 of plaintiff's petition, "that by the Laws of the State of Mississippi, which laws govern the validity and construction of the aforesaid conditional sale agreement, it having been executed in said State as aforesaid, such a conditional sales agreement as set forth hereinabove, does not convey title."

The agreement also admits plaintiff's further averment: "That under the terms of said conditional sales agreement, should any default be made in the payment of any installment, petitioner has the right to retake possession of said Ford truck automobile and retain the amount paid up to the time of taking as rental of said automobile."

The admission also covers plaintiff's averment that the sale from Poplarville

Garage Company, Inc., to Joseph Namie was a Mississippi contract. That the truck in question was delivered to said Namie under said contract in Mississippi on March 9, 1926, and said Namie never paid the purchase price in full.

It follows from these admissions that the rights which said Namie acquired and had to said machine, were fixed and governed by the law of Mississippi, and that under the law of Mississippi, the purchase price not having been paid by said Namie in full, the ownership of the machine remained in Poplarville Garage Co., Inc., and belonged thereto at the time the machine was brought into Louisiana.

The agreement admits that Blackwell purchased the truck from Slidell Motor Company in the State of Louisiana, on July 26, 1926. The price was $197.00, part of which was paid in cash, the balance was to be paid in installments, and same have been met until only the amount of $13.90 remains unpaid. Defendant purchased in good faith, not being aware of the claim of the Poplarville Garage Co., Inc.

The answer of C. H. Larrabee contains averments similar to those of the defendant, and is covered by the same admissions.

There is no claim by defendant and warrantor, resulting from the operation of the law, such as prescription, etc.

Therefore, the question is, did the purchaser of the machine in Louisiana, buying and paying for it in good faith and without knowledge of the title of the Poplarville Garage Co., Inc., become the owner of it as against Poplarville Garage Co., Inc.? We hold not.

There cannot be two ownerships of the same thing at the same time. C. C. Arts. 488 and 494. Then again, a man cannot acquire the ownership of property by contract from one who is not the owner.

"Contracts are governed by the law of the place where they were entered into." C. P. Art. 13.

"The effect of public and private written instruments are governed by the laws and usages of the place where they were passed or executed." C. C. Art. 10.

"No one can transfer a better title to another, than that which he himself had." C. P. Art. 23; C. C. Arts. 822, 2015 and 2452.

The question at issue under the same legal situation was decided in Theuret vs. Jenkins, 7 Martin 318. In that case speaking of the sale of a ship, the Court said, p. 353:

"In the present case, the ship, the subject of the sale, was at sea, it was a New York ship, and the vendors and vendee residents of New York. If therefore according to the lex loci contractus, that of the domicile of both parties, the sale transfers the property without a delivery, it did so eo instanti, or not at all. In transferring it, it did not work any injury to the rights of the people of another country; it did not transfer the property of a thing within the jurisdiction of another government."

The Court continuing on pages 356 and 357 said in conclusion:

"If the ship had been within the State at the time of the sale the rule in Norris vs. Mumford would have regulated the decision of this Court, but as at that time, she was not within the State, the sale ought not be tested by our laws. It must be by the loci contractus, against which those of no other country ought to prevail."

See also United States Bank vs. Bank of United States, 8 Rob. 262, pp. 405 and 406; Southern Bank vs. Wood and Camplin, 14 La. Ann. 554; Fell vs. Darden, 17 La. Ann. 236; Overland Texarkana Co. vs. Bickley, 152 La. 622, 94 So. 138; Hinton Co. vs. Rouse, C. C. A. Reports, Vol. 4.

p. 471; Ruling Case Law, vol. 24, p. 452, Secs. 747 and 748; 35 L. R. A. (N. S.) 388; Cyc., Vol. 35, Subject Sales (What law governs) pp. 666 and 667.

The Slidell Motor Company did not own the truck. Therefore the contractual good faith of defendant in Louisiana, in buying from it, could not divest the vested ownership of Poplarville Garage Company, Inc., and plaintiff holds its rights.

The judgment appealed from is erroneous and must be reversed and judgment rendered in favor of plaintiff as prayed for.

The judgment appealed from is therefore annulled, avoided and reversed and it is now ordered, adjudged and decreed that the sequestration made by the Security Sales Co. of La., Inc., of Ford automobile truck, 1926 model, motor number 13,161,-042, be maintained.

It is further decreed that said machine belongs to Security Sales Co. of La., Inc., and that same be delivered to it, and that said Blackwell pay the cost in both courts.

It is further ordered, adjudged and decreed that Rob Blackwell, defendant, have judgment against C. H. Larrabee in warranty herein, for one hundred and eighty-three dollars and ten cents, and also for all costs that the said Blackwell may be called upon to pay herein.

———

LECHE, J., dissenting.

The plaintiff as holder of notes amounting to $146.50, brought the present suit against defendant, coupling therewith a sequestration, and praying to be put in possession of a Ford truck. There is no moneyed demand against defendant, nor is there any demand for the ownership of the truck; the prayer of the petition is for the possession of the truck and no other relief is expressly demanded or prayed for.

The facts as admitted on the trial of the case are that the Poplarville Garage Company of Mississippi, entered into a conditional sale contract within the State of Mississippi, with one Joseph Namie, also of that State whereby the garage company sold to Namie, on the condition that the ownership would remain in the vendor until payment should be made in full, one Ford truck of the value of $468.00. That Namie had paid up to the institution of this suit, all of the purchase price except $146.50. That this contract was entered into on March 9, 1926, that Namie removed the truck into the State of Louisiana, that he sold it, that it passed into the hands and under control of several persons, that the last purchaser was defendant who acquired it as an innocent purchaser, and that it was sequestered in the hands of defendant in the present suit filed on April 25, 1927, in the Parish of St. Tammany.

Plaintiff claims as assignee of the contract of March 9, 1926, as appears by an endorsement signed by the Poplarville Garage Company, written on the back of said conditional sale contract.

Defendant acquired the truck from Slidell Motor Company, a concern located in Slidell, and engaged in the automobile business. The truck had already gone into the ordinary channels of trade and commerce. See C. C. Art. 3507.

Plaintiff relies upon the case of Overland Texarkana Company vs. Bickley, as authority to sustain his demand.

The facts in the cited case show fraud, deceit and misrepresentation on the part of the purchaser; the auto had been stolen or obtained under false pretense and there

had been due diligence on the part of the seller. Besides this, the Act 193, p. 321 of 1920, of this State was in force and effect at the time the purchaser swindled the Overland Texarkana Company and Bickley, while at the present time that Act is no longer in force, having been repealed by Act 92, p. 172 of 1922.

If the majority opinion in this case prevails, then no one is safe in buying a movable in this State, as the seller's title may in the remote past, depend upon a conditional sale made in some other State.

I therefore dissent.