No. 3352

Second Circuit

___

## GENERAL MOTORS ACCEPTANCE CORP. v. BUDREAUX

___

(November 8, 1929. Opinion and Decree.)
(April 5, 1929. Opinion and Decree on Rehearing.)

Crow and Coleman, of Shreveport, and R. A. Fraser, of Many, attorneys for plaintiff, appellant.

Boone and Boone, of Many, attorneys for defendant, appellee.

ODOM, J. The plaintiff, by this action, seeks to be decreed the owner of a certain Pontiac automobile, alleged to be in the possession of defendant, who is a resident of Sabine Parish, La.; and, in the alternative, in case the court should hold that it is not the owner of the automobile, then that it have recognition of its vendor's privilege and chattel mortgage on the said car. The defendant resists the action on the ground that he purchased the automobile from a man named W. L. Phares, who was in possession of and the apparent owner of said car; that he purchased the same in good faith and paid full value therefor. The lower court rejected plaintiff's demands, and it has appealed.

### OPINION

The facts are that on October 26, 1926, the Jones Motor Company, of Columbus, Miss., sold the said car to W. L. Phares, under what is termed a "conditional sale contract," which provides that "title to said property shall not pass to the purchaser until said amount is fully paid in cash." The purchase price of the car was $1,058, of which $332.34 was paid in cash, the balance to be paid in monthly installments of $60.48.

Shortly after Phares purchased the car, he drove it to the State of Louisiana, and sold it to the defendant for approximately $1,000, which price was fully paid by the defendant, Budreaux. Subsequent to the sale of the automobile to Budreaux, Phares paid ten of the twelve monthly installments, leaving a balance due on the purchase price of the car of $120.96. The plaintiff corporation, which purchased the original contract between the Jones Motor Company and W. L. Phares, now seeks to enforce that contract, alleging that the laws of the State of Mississippi, where the contract was made and intended to be executed, recognize conditional sale contracts, and that, under the jurisprudence of this State, it has a right to enforce the contract here; and that, inasmuch as the contract price has not been fully paid in cash, it has a right to take possession of the automobile as owner.

Conditional sales convey ownership, under the laws of the State of Louisiana. But, in some states, the law permits a vendor to make a sale of a chattel and retain title thereto until the purchase price has been fully paid, and our courts have recognized and upheld such contracts when the chattel was subsequently brought to this State and disposed of by the vendee. Overland Texarkana Co. vs. Bickley, 152 La. 622, 94 So. 138; Hinton Co. vs. Rouse, 4 La. App. 471; Powell Motor Co. vs. A. Christina & Bros., 8 La. App. 174. It is only in cases where the laws of other States recognize and enforce such contracts that the same will be recognized and enforced here.

The plaintiff alleged that such contracts are recognized under the laws of the State of Mississippi, but he failed to make proof of that fact. Courts of this State do not take judicial cognizance of the statutes of other States. E. B. Hayes Mach. Co. vs. Eastham et al., 147 La. 347, 84 So. 898.

"Statutes of other States are regarded as matters of fact and when relied on to support a cause of action or defense, must be pleaded and proved." 36 Cyc. 1240.

"The Courts of one State will not take judicial notice of the statutes of another State, and the party relying upon such statutes to support his cause of action or defense, must not only plead them but must also produce satisfactory evidence of their subject-matter and validity." 36 Cyc. 1252.

"Foreign laws must be proved as facts. In the absence of such proof, the rights of parties who claim and the effect and validity of instruments executed under the laws of another State must be determined by our own, which will be presumed the same." See "Evidence," section 44, vol. 3, La. Digest, p. 129.

The plaintiff alleged, but failed to prove that under the laws of the State of Mississippi title to a chattel does not pass under a contract of this kind, until the price is fully paid in cash. It cannot, therefore, invoke the laws of that State in its behalf.

Plaintiff can get no relief in its alternative plea. The purchase price of the car had not been fully paid when Phares sold it to the defendant, Budreaux, but Budreaux having purchased the property in this State and having paid the price acquired title thereto free from the vendor's lien. Robinson vs. Tatum, Moore, Intervener, 7 La. App. 335; Burdeau vs. Creditors, 44 La. Ann. 11, 10 So. 395; Dreyfous vs. Cade, 138 La. Rep. 297, 70 So. 231; Pierson vs. Carmouche, 146 La. 798, 84 So. 59; Continental Bank & Trust Co. vs. McCann, 151 La. 555, 92 So. 55. Yates vs. Merritt, 151 La. 344, 91 So. 759; Civil Code, arts. 3217-3227.

Plaintiff does not contend that it had a chattel mortgage on said property, recorded in Sabine Parish or elsewhere in this State.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed, with costs in both courts.

---

## ON REHEARING.

ODOM, J. The issues in this case, as disclosed by the pleadings, were set out in our original opinion. In passing upon the case, we considered only the issue as finally presented to the District Court, but overlooked entirely that the Court had sustained an exception of no cause of action to the plaintiff's main demand, which was to be recognized as and decreed to be the owner of the automobile under the conditional sale contract made in Mississippi, which state recognizes such contracts.

Plaintiff's petition unquestionably discloses a cause of action on the main demand. Plaintiff alleged that the automobile was sold by the James Motor Company, in the State of Mississippi, to Phares, on terms of credit under a contract which specifically provided that, "title to said property shall not pass to the purchaser until the amount is fully paid in cash," and that the purchaser "shall not remove same from the state without permission of the seller; shall not transfer any interest in this contract or said property;" and it alleged that the balance due on the purchase price of said car had not been paid and that the purchaser had removed the car from Mississippi to the State of Louisiana without permission of the seller and had there disposed of it; and in Article IV of the petition it is alleged:

"That under the laws and adjudications of the State of Mississippi, conditional sales contracts are recognized and ordered enforced, under which the holder thereof retains the title to the personal property with reference thereto, and described therein, until the full purchase price is paid and discharged, and the holder of said instruments are the lawful owners of said property, which laws and adjudications your petitioner specifically pleads."

See Securities Sales Co. vs. Blackwell, 167 La. Rep —; 9 La. App. 651; 120 So. 45.

Plaintiff asked that it be decreed the owner of the car and that was its main demand. The Court below was of the opinion that plaintiff's petition did not set out a cause of action in that respect. The Court erred in so holding.

Plaintiff asked, in the alternative, in case the Court should hold that it was not the owner of the car, that it be decreed to have a privilege thereon for the unpaid balance of the purchase price, and the Court held that it had none, and we sustained that view and affirmed the judgment. But, as stated, we overlooked, the fact that the Court had sustained the exception of no cause of action and that plaintiff had reserved a bill to the Court's ruling and had brought that ruling up for review.

For the reasons assigned, it is now ordered, adjudged, and decreed that the judgment of the lower court sustaining the exception of no cause of action be reversed and that said exception be and the same is now overruled; and further ordered that this case be remanded to the lower court and reinstated on the docket thereof to be proceeded with in accordance with the views herein expressed, with permission granted plaintiff to introduce all testimony relevant to the issue of ownership of said automobile; costs of appeal to be paid by appellee; all other costs to await final results.