ROGERS, J.
 

 The Legislature of 1930 adopted Act No. 34 to provide revenues for public education in the state by levying a tax on malt extract, derivatives and combinations thereof. The statute defines malt extract, its derivatives and combinations, levies the tax thereon, and regulates the manner of its payment and enforcement. -The second paragraph of section 6 clothes the supervisor of public accounts, or. his assistants, with the power of searching warehouses, boats, stores, storerooms, automobiles, trucks, conveyances, vehicles, or any and all places of storage, or any and all means of transportation wherein there is probable cause to believe that the terms of the act are being, or have been, violated; and with the further power to seize and confiscate “any automobile, truck, boat, conveyance, vehicle or other means of transportation, other than a common carrier, caught or detected transporting malt extract, derivatives or combinations thereof’’ without the tax being paid or-bond furnished for its payment.
 

 In the same paragraph and section the supervisor of public accounts, or his assistants, is directed, after ten days’ notice by advertisement, at least twice in the official parish paper wherein the confiscation or seizure is made, to proceed to sell through the sheriffs of the several parishes of the state, at public auction, to the highest bidder for cash and without appraisal, any and all such property seized and confiscated; the funds derived from the sales to be paid into the state treasury, and credited in the manner provided for the tax collected under the statute.-
 

 Assuming to act under the authority of the legislative act, an agent of the supervisor of public accounts seized a certain Ford truck while it was being used in the transportation of malt on which the tax had not been paid. One Vincent A. Morreale was operating the truck at the time the seizure was made.
 

 The Finance Security Company, Inc., a Louisiana corporation, claiming to be the assignee of the rights of Edwards Bros., of
 
 *459
 
 Gulfport, Miss., who had sold the truck to Morreale under a “Conditional Sales Agreement,” alleged that the supervisor of accounts “has expressed his intention to sell or attempt to sell said car under the provisions of section 6 of Act No. 34 of 1930” and enjoined the sale. Subsequently, Vincent A. Morreale, who was held by the court below to be a necessary party, intervened and also'enjoined the sale.
 

 Plaintiff alleged that the act of Vincent A. Morreale, the purchaser under the conditional sale, in transporting malt on which the tax had not been paid, was done without plaintiff’s consent; that there was a balance due of $500.40, interest and attorney fees, on the purchase price of the truck; and that, under the law of Mississippi, until the purchase price was paid as provided in the conditional sales agreement the title to the truck was vested in’ plaintiff as the assignee of Edwards Bros., the vendors.
 

 Plaintiff further alleged that Act No. 34 of 1930, and particularly the second paragraph of section 6, is unconstitutional on various grounds.
 

 The court below enjoined the sale of the track, and ordered that it be surrendered to the plaintiff. The supervisor of public accounts has appealed.
 

 Only the validity of the second para graph ' of section 6 of the legislative act is challenged in this court, and the general question arises whether the statutory provision falls within the inhibition of the federal and state Constitutions that no person shall be deprived of life, liberty, or property without due process of law. Const. U. S. Amend. 14; Const. La. 1921, art. 1, § 2.
 

 There are numerous eases in both the federal and state courts under statutes forfeiting property rights in property used for an unlawful purpose, upholding the right of seizure and confiscation of such property. And this is so whether the owner of the property participated in or had knowledge of the unlawful act. For one may forfeit his property by permitting it to be possessed and used by another who devotes it to an unlawful purpose without the knowledge and consent of the owner. See United States v. One Black Horse (D. C.) 129 F. 167; United States v. Two Bay Mules (D. C.) 36 F. 84; United States v. Distillery, 11 Blatchf. 255, Fed. Cas. No. 14963; Dobbins’s Distillery v. United States, 96 U. S. 895, 24 L. Ed. 637, and annotations thereof, 10 Rose’s Notes, page 193; Daniels v. Homer, 139 N. C. 219, 51 S. E. 992, 3 L. R. A. (N. S.) 997; White Auto Co. v. Collins, 136 Ark. 81, 206 S. W. 748, 2 A. L. R. 1594.
 

 But there are also abundant authorities holding that, before property used in violation of law can be forfeited, the owner is entitled to notice, either personal or constructive, of the charge of guilty purpose upon which his property has been seized and to an opportunity to be heard in its defense. See Fisher v. McGirr, 1 Gray (Mass.) 36, 61 Am. Dec. 381; Bradstreet v. Neptune Ins. Co., 3 Sumn. 601, Fed. Cas. No. 1,793; Windsor v. McVeigh, 93 U. S. 279, 23 L. Ed. 916; McVeigh v. United States, 11 Wall. 259, 20 L. Ed. 80; Greene v. James, 2 Curt. 187, Fed. Cas. No. 5,766; Tracey v. Corse, 58 N. Y. 143; Hibbard v. People, 4 Mich. 125; State ex rel. Potter v. Snow, 3 R. I. 64; People v. Marquis, 291 Ill. 121, 125 N. E. 757, 8 A. L. R. 874; Ieek v. Anderson, 57 Cal. 251, 40 Am. Rep.
 
 *461
 
 115; Edson v. Crangle, 62 Ohio St. 49, 56 N. E. 647; State v. Rose, 3 W. W. Harr. (33 Del.) 168, 132 A. 864, 45 A. L. R. 85; People v. Broad (Cal. Sup.) 12 P.(2d) 941.
 

 The statutory provision under review herein reads as follows, viz.: “That any automobile, truck, boat, conveyance, vehicle or other means of transportation, other than a common carrier, caught or detected transporting malt extract, derivatives or combinations thereof, without the tax herein provided being properly paid as herein provided, or a bond furnished to guarantee payment of said tax as herein provided, shall be subject to seizure and confiscation by the Supervisor of Public Accounts, or his assistants; and after ten (10) days notice by advertisement, at least twice in the official Parish paper where the confiscation or, seizure is made, the Supervisor of Public Accounts, or his assistants, shall proceed to sell, through the civil Sheriff of the Parish of Orleans or the Sheriff of any of the several Parishes of the State of Louisiana, at public auction, to the highest bidder, for cash and without appraisal, any and all such property so seized and confiscated.”
 

 . The statute makes no provision for notice to the owner of the property nor to any otheiinterested person. It merely authorizes the officer who has seized the property to adjudge its forfeiture and by giving notice in a newspaper to sell it at public auction through the sheriff of the parish in which the seizure is made.
 

 An exhaustive examination of the decisions of other courts fails to disclose a case sustaining the power of the Legislature to declare a forfeiture and direct a sale of property without judicial proceeding for its condemnation or monition or notice, actual or constructive, to its owner. The decisions, on the contrary, uniformly deny any such right or power. The general rule, predicated on these decisions, is stated in 25 Corpus Juris, § 53, pp. 1172 and 1173, under the title, Fines, Forfeitures, and Penalties, as follows, viz.:
 

 “There can be no forfeiture of property unless the forfeiture is judicially determined. Even where under statute the forfeiture takes place at the time of the commission of the offense, it is not fully and completely operative and effective and the title of the state or the government is not perfected until there has been a judicial determination. A statute or ordinance which allows the seizure and confiscation of a person’s property by ministerial officers without inquiry before a court or an opportunity of being heard in his own defense is a violation of the elementary principles of law and the constitution. Where the forfeiture is to a private person, the necessity that it shall be judicially granted to him is all the more apparent.
 

 “Notice should be given to the owner of the property seized of proceedings to determine the forfeiture.”
 

 There are eases in which the summary abatement of nuisances by ministerial officers without a judicial condemnation and the destruction of articles used in their maintenance may be authorized.
 

 “Where the condition of a thing is such that it is imminently dangerous to the safety or offensive to the morals of the community, and is incapable of being put to any lawful use by the owner, it may be treated as a nuisance per se. Actual physical destruction is in such cases not only legitimate, but
 
 *463
 
 sometimes the only course to be pursued. Rotten or decayed food or meat, infected bedding'or clothing, mad dogs, animals affected with contagious diseases, obscene publications, counterfeit coin, and imminently dangerous structures are the most conspicuous instances of nuisances per se.” Freund, Pol. Power, §-520.
 

 But the right to forfeit and to sell property used in the violation of law is based on an entirely different principle from the right to destroy property constituting a nuisance per se. Mr. Freund declares: “The power of summary abatement does not extend to property in itself harmless and which may be lawfully used; but which is actually put to unlawful use or is otherwise kept in a condition contrary to law. * * * The unlawful use may, however, be punished, and the punishment may include a forfeiture of the property used to commit the unlawful act. * * * Such forfeiture is not an exercise of the police power; i. e., the taking of the property does not directly subserve the public welfare, but is intended as punishment for an unlawful act. Hence forfeiture requires judicial proceedings — either personal notice to the owner or at least a proceeding in rem, with notice by publication.” Sections 525, 526.
 

 In Windsor v. McVeigh, 93 U. S. 274, 279, 23 L. Ed. 916, the Supreme Court of the United States said: “The jurisdiction acquired by the seizure [of property] is not to pass upon the question . of forfeiture absolutely, but to pass upon that question after opportunity has been afforded to its owner and parties interested to appear and be heard upon the charges. To this end some notification of the proceedings, beyond that arising from the seizure, prescribing the time within which the appearance must be made, is essential. Such notification is usually given by monition, public proclamation, or publication in some other form. The manner of the notification-is immaterial, but the notification itself is indispensable.” And in McVeigh v. United States, 11 Wall. 259, 20 L. Ed. 80, the same court .emphatically declared that to deny a party the right of defending his property would be a blot upon our jurisprudence and civilization.
 

 The case of Dunn v. Burleigh, 62 Me. 24, is strikingly like the one before us. There, in passing upon a statute prohibiting trespassing upon public lands and empowering a land agent to seize the team of the trespasser and sell the same by giving notice in the newspapers,- etc., the Supreme Judicial Court of Maine said: “Will any one contend that it is competent for the legislature to pass an act authorizing the land agent to seize the person of a trespasser upon the public lands and hang him, or imprison him for life, without any other trial of his guilt than the ex parte determination of the land agent himself, and no other authority than his own personal command? Of course not. No more is it competent for the legislature to pass an act authorizing the land agent to deprive a person of his property in such a' summary mode; for what is due process of law in the one case must be equally so in the other. In the constitution, life, liberty and property are all grouped together, * * * and the same protection which is secured to one is secured to all.”
 

 In Boykin v. Police Jury of Richland Parish, 169 La. 1014, 123 So. 511, an ordi
 
 *465
 
 nance directing the impounding of certain animals found running at large, and authorizing public sale, and allowing three days for the owner to obtain release of animals, but not providing for notice to the owner, was held void as constituting a denial of due process of law.
 

 In Varden v. Mount, 78 Ky. 86, 39 Am. Rep. 208, an ordinance authorizing the town marshal to seize all hogs running at large and sell them was held void, because no provision was made for giving notice to the owner ; the court saying: “This is the general rule, and it is only in extreme eases, when the preservation and repose of society or the protection of the property rights of a largo class of the community absolutely require a departure, that the courts recognize any exceptions.” The exception can only be sustained upon an “overruling necessity.” The same was held in Donovan v. Mayor, etc., of City of Vicksburg, 29 Miss. 247, 64 Am. Dec. 143. In State ex rel. Heise v. Town Council of Columbia, 6 Rich. (S. C.) 404, the court said that a man’s property cannot be seized except for violation of law, and whether he has been guilty of such violation cannot be left to police officers or constables to determine. And in Bradstreet v. Neptune Ins. Co., 3 Snmn. 601, Fed. Cas. No. 1,793, Judge Story, referring to a proceeding in rem in which no notice is given, declared: “It amounts to little more in common sense and common honesty than the sentence of the tribunal, which first punishes, and then hears the party.”
 

 Defendant cites a number of authorities sustaining the legal proposition, about which there can be no dispute, that the sovereign, irrespective of the guilt or innocence of the owner, has the right to forfeit property used in the accomplishment of an illegal act.
 

 Defendant also cites other authorities in which the constitutionality of the statutes involved was challenged on the ground that they contained no provision for notice and hearing to the owner. These eases are as follows, viz.: Van Oster v. State of Kansas, 272 U. S. 465, 47 S. Ct. 133, 71 D. Ed. 354, 47 A. L. R. 1044; Samuels v. McCurdy, 267 U. S. 188, 45 S. Ct. 264, 268, 69 L. Ed. 568, 37 A. L. R. 1378; Goldsmith, Jr.-Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 D. Ed. 376; Gemert v. Pooler, 171 Wis. 271, 177 N. W. 1; Western Chevrolet Co. v. Zehnpfennig, 56 S. D. 451, 229 N. W. 307; McMillen v. Anderson, 27 La. Ann. 18, affirmed by United States Supreme Court, 95 U. S. 37, 24 L. Ed. 335; Steiner v. City of New Orleans, 173 La. 277, 136 So. 596.
 

 The cases of Van Oster v. State of Kansas and Goldsmith, Jr.-Grant Co. v. United States are authorities for the rule that the fact that the owner’s interest in an automobile is subject to forfeiture regardless of his guilt or innocence does not render a statute unconstitutional, but not for the proposition that there need be no statutory provision for notice to the owner. In the first case, the statute declared an automobile or other vehicle used for the transportation of intoxicating liquor to be a common nuisance, and established a procedure to he followed in ease of forfeiture, including notice to all claiming an interest therein. In the second ease, the statute under consideration provided for the forfeiture of property used to^ evade the revenue acts, but made no provision for notice to the owner. However, no ob
 
 *467
 
 jection to the sufficiency of the statute on'this ground was raised, and it was decided, this being the only question involved, that the property of an innocent owner might be declared forfeited without depriving him of the property in violation of the Fifth Amendment of the Federal Constitution.
 

 In Samuels v. McCurdy, the United States Supreme Court, with one justice dissenting, held that a statute which provided for an order by the court for the destruction of intoxicating liquor, but no provision for notice to the owner, satisfied the due process clauses of the Federal Constitution, since the owner could resort to a suit to obtain possession of the property and enjoin its destruction. But the decision appears to be predicated on the law of the state of Georgia that no property rights of any kind shall exist in prohibited liquors or beverages, also on the ground that a court order was necessary before the destruction of the property. And the court expressly refrained from considering "what might be necessary, if he [the owner] were claiming to hold the liquor lawfully for medicinal or some other specially excepted purpose.”
 

 In Gemert v. Pooler, plaintiff claimed as an owner entitled to immediate possession of a certain Ford automobile seized by the defendant as deputy conservation warden. The action was one in replevin commenced in a municipal court, and plaintiff had judgment in her favor.
 

 The automobile in question had been used by plaintiff’s husband without her consent for the purpose of hunting deer. Plaintiff’s husband unlawfully killed a deer and deposited it in the automobile for the purpose of conveying it from the place of the killing to the city of Superior, where he took the automobile. Before plaintiff’s husband arrived in Superior with the automobile and the contraband deer, he was apprehended by the defendant, taken before a justice of the peace, charged with an offense, pleaded guilty, was convicted, and paid the fine assessed. On the same day, the ear was returned by plaintiff’s husband to the garage in Superior and to plaintiff’s possession. Subsequently, defendant, acting under instructions of the conservation commissioner, seized the automobile and held the same until it was reclaimed by plaintiff.
 

 The court affirmed the judgment on the ground that plaintiff’s husband, in using her automobile without her consent, was a trespasser. However, in passing upon the question of the alleged unconstitutionality of the statute providing for the seizure and confiscation of property proved to have been .used in violation of the game laws, because that statute makes no provision for notice and hearing, the court held that the statute must be construed in connection with certain other statutes relative to “The Collection of Forfeitures” ; and that the effect of such construction is to provide a way for legal proceedings upon due notice to the parties concerned for the determination of the question as to whether or not the property involved has become forfeited and as to whether or not the former owner’s title has been lost by reason of any such forfeiture.
 

 In Western Chevrolet Co. v. Zehnpfennig, plaintiff had sold an automobile to one Dykes under a conditional sales contract. The car while in charge of Dykes and one Hanson was seized as containing intoxicating liquor. Hanson was arrested on the spot, but Dykes
 
 *469
 
 made Ms escape. Hanson pleaded guilty to the charge of illegal transportation of intoxicating liquor. After his conviction, but before the arrest of Dykes, the municipal court of the city of Mitchell made and entered an order for the forfeiture and sale of the automobile. Defendant Zehnpfennig purchased the car at this sale. Plaintiff then instituted an action of replevin to recover possession of the car. The court held that plaintiff as the holder of a conditional sales contract was not the owner within the meaning of the statute protecting owners showing good cause to the contrary from forfeiture and sale of an automobile used in transporting liquor; that Dykes, the actual owner, h'ad’ abandoned his property to the searching officers and made Ms escape; that he had ample notice to assert Ms rights, if he had any; and that he was not complaining.
 

 The case of McMillen v. Anderson was one involving the collection of a license tax. The statute (Act No. 47 of 1873, § 2) .under review there provided that, when any person shall fail to pay his license tax, the tax collector shall give ten days’ written or printed notice to the delinquent requiring its payment; and the manner of giving this notice is fully prescribed. If at the expiration of this time the license “be not fully paid, the tax collector may, without any judicial formality, proceed to seize and sell, after ten days advertisement, the property” of the delinquent or so much as may be necessary to pay the tax and costs.
 

 The requirements of the statute were fully complied with, and, in a suit by the tax debtor to enjoin the tax collector from selling the property seized for the delinquent taxes, both the Supreme Court of this state and the .Supreme Court of the United States held that the constitutional provision invoked by the tax debtor does not require that taxes be collected by judicial proceeding; and that a statute - which gives a taxpayer a right to enjoin its collection and have the validity of the tax tested by a court of justice is due process of law.
 

 The case of Steiner v. City of New Orleans involved the validity of an ordinance providing for the impounding of any unoccupied vehicle found violating the parking rules of the municipality and for its surrender to the owner upon payment of a stipulated pound fee. Plaintiff made no charge that the impounding of his automobile was -unjustified. His complaint was that, after the car was impounded, the police authorities refused to return it to him until he had paid the pound fee. Plaintiff contended that the exaction of the fee was violative of section 2 of article 1 of the state Constitution of 1921, providing that no person shall be deprived of life, liberty, or property without due process of law.
 

 In deciding the question presented, this court held that the ordinance under review was adopted ,under the police power of the municipality for the protection of the welfare and safety of the community. This was in accord with the general rule that, where the condition of a thing is such that it is imminently dangerous to the safety of the public, it becomes a public nuisance and may be summarily abated. An ordinance of this character is not violative of the due process clause •of the state Constitution.
 

 As we have already pointed out, the statute under consideration provides no remedy for the owner of the property seized and confiscated ; it requires no notice, personal or oth
 
 *471
 
 erwise; it authorizes no proceeding against the property seized; it makes no provision for any hearing to the owner nor for any mode of trial if he should accidentally appear to defend his property. In the nature of things, such a statute, it appears to us, is invalid so far as it attempts to confiscate the property of a third person not charged with, nor convicted of, any of the offenses denounced therein.
 

 Defendant’s contention that plaintiff, as the holder of a conditional sales contract, is not the owner of the automobile in dispute, is not well founded.
 

 The sale of the automobile took place in Mississippi. Under the law of that state, the vendor of an automobile by a conditional sale retains title to the car until the purchase price is paid. Securities Sales Co. v. Blackwell, 167 La. 667, 120 So. 45. Cf. Overland Texarkana Co. v. Bickley, 152 La. 622, 94 So. 138, where this court held that, under a conditional sale in Arkansas, the buyer had no title, and therefore could convey no title on bringing the automobile into this state.
 

 For the reasons assigned, the judgment appealed from is affirmed.