The facts in this case are undisputed. On July 2, 1946, Oliver-Lilly Motor Company of Grenada, Mississippi, sold and delivered to Robert E. Boyett, whose address was General Delivery, Grenada, Mississippi, a certain automobile and the said vendor and vendee executed a conditional sale contract. On the same day and date Boyett, the purchaser, executed and delivered to the seller a purchaser's or customer's statement in which he gives as his address "Grenada, Miss., Gen. Del.," declares that he has lived at the present address for two years, is employed by himself as a contractor at Grenada, Miss., for seven years, gives as his nearest relative R.R. Boyett, father, residing at 308 Davis St., Cleveland, Miss., and trade references R.R. Melton, 612 Sunflower, Rd., and Cleveland Lumber Company, both of Cleveland, Miss., and further states that the said motor vehicle is to be used for pleasure and business. The conditional sale contract provides that the seller retains title to the automobile until the purchase price has been paid, which contract is legal and enforceable under the laws of Mississippi and need not be recorded. This contract, together with the customer's statement, was sold and assigned to plaintiff on July 2, 1946, the date of execution. On July 18, 1946, before the entire purchase price had been paid, and without requesting or obtaining the permission, and without the knowledge of either the vendor or the plaintiff, the purchaser Boyett took the automobile from Grenada, Mississippi, to Lake Charles, Louisiana, and sold it, for a cash consideration, to defendants, used car dealers, who, in turn, sold it to a third person. Defendants acted in good faith in purchasing the automobile, and without any knowledge that any other person claimed title to it under the laws of Mississippi. *Page 704 
It was only after the removal and sale of the automobile that the plaintiff or vendor had knowledge that the said car had been removed from the State of Mississippi, and subsequently sold. The conditional sale contract was not recorded in the records of Calcasieu Parish, or of any other Parish in the State of Louisiana.
It was stipulated and agreed that there remained the amount of $483.84 still due and unpaid on the said automobile according to the conditional sale contract, and, in the event of recovery by the plaintiff, a judgment for that amount would be granted to plaintiff instead of the possession of the automobile.
The question presented to the lower court was whether or not the conditional sale contract entered into in the State of Mississippi, under the above-stated facts, should be recognized and given full force and effect in this State, or whether the defendants did acquire title to the automobile to the prejudice of plaintiff.
A trial of the suit resulted in a judgment in favor of plaintiff. Defendant has appealed.
[1, 2] The jurisprudence of this State applicable to conditional sale contracts is now well settled and can be stated thusly: In spite of the fact that conditional sales are invalid when contracted in Louisiana, the Louisiana courts, through comity, have recognized sales executed in other states, even as against a bona fide purchaser or pledgee of the vendee, where the object has been removed to Louisiana without the knowledge or consent of the vendor. Overland Texarkana Co. v. Bickley, 1922, 152 La. 622, 94 So. 138; Finance Security Co. v. Conway, 1933, 176 La. 456, 146 So. 22; Hinton Co. v. Rouse, 1926, 4 La. App. 471; Security Sales Co. of Louisiana v. Blackwell, 1928, 9 La. App. 651, 120 So. 250; State ex rel. Grosjean v. Shurley, La. App., 1936, 165 So. 533. Where, however, if the removal to Louisiana is with the knowledge or consent of the vendor (or when the intent of the parties in contracting outside of Louisiana is to circumvent the law of the state), the conditional sale is not recognized. American Slicing Machine Co. v. Rothschild Lyons, 12 La. App. 287, 125 So. 499, and Finance Security Co. v. Mexic, La. App., 188 So. 657.
[3] Defendant, in this court, contends that if Boyett, the purchaser under the conditional sale agreement, could, without violating the terms of that agreement, remove the automobile from the State of Mississippi to the State of Louisiana, then the conditional sale agreement was intended by the parties to have effect not only in the State of Mississippi, but also wherever the automobile might be taken, basing his contention on the fact that the conditional sale agreement contains the following paragraph: "Said car will be kept at number and street __________ City and State __________", which was left blank regardless of the fact that the holder of said conditional sale agreement could fill in the said blanks, and the further fact that the said conditional sale agreement does not contain a stipulation against the taking of the automobile outside of the State of Mississippi, and relies on the cases of American Slicing Machine Co. v. Rothschild Lyons and Finance Security Co. v. Mexic, supra.
In the American Slicing Machine Co. case the plaintiff sent its salesman, with a conditional sale contract prepared and printed by it, to Chrest Slavent in Ferriday, Louisiana, who there contracted with Slavent, in plaintiff's name, to sell him a certain kind of machine for a certain price, part of which was then and there paid to the salesman by Slavent and the remainder of which he was to pay in instalments in the future; the machine to be shipped from out of the state to Slavent in Louisiana and there used by him and the remainder of the price sent from there. The court held that under these facts the contract was intended to have its operation upon the property situated in Louisiana since it was begun, to be performed and to be completed here, and the parties must be held to have contracted with reference to the laws of this State, and that law must govern.
In the Mexic case a conditional sale contract affecting an automobile was entered into in Columbia, Mississippi, between a corporation domiciled therein and a resident of New Orleans, Louisiana. In connection with the said sale contract, the purchaser, in writing, made a statement *Page 705 
giving his residence as No. 2312 Marengo Street, New Orleans, and his business address as No. 643 Magazine Street, also in New Orleans. He also stated, in this statement, that he had lived all of his life in that city and that he was employed by the Interstate Elecric Company, a well-known corporation located there. Upon the trial of the case, a representative of the motor company which sold the automobile and also a representative of the finance company which later acquired the contract, testified that, at the time of the execution of the sale contract, they knew that the purchaser lived in New Orleans and that the automobile would be removed to and located in New Orleans after the execution of the contract. The court held that it was clear that the documents, that is, the sale contract and the written statement themselves contemplated that the car would be taken to and kept in Louisiana.
The facts in our case differ substantially from those in these two cases. The conditional sale contract under consideration was executed between a motor company of Grenada, Mississippi, and a resident of that City and State, and in the State of Mississippi. In the purchaser's or customer's agreement, the purchaser, in writing, gave his home address as Grenada, Mississippi; that his landlord was also a resident of Grenada, Mississippi; that he had employed himself as a contractor in the said city for the past seven years; that his nearest relative not living with him was his father, who lived at Cleveland, Mississippi; and he listed two credit references and gave the address of each as Cleveland, Mississippi. All of this goes to show that it was contemplated by the parties that the automobile was to be kept at Grenada, Mississippi, at least, within the State of Mississippi, and not to be taken outside of said State, at least without the permission and consent of the holder of the sale contract. Furthermore, it is shown that neither the vendor nor the plaintiff granted any permission to the purchaser to move the automobile out of the State of Mississippi and they had no knowledge that the automobile had been moved out of that State until it had been removed by the purchaser and he had sold it.
The fact that there are no provisions in the sale contract against the removal of the automobile from the State of Mississippi does not and cannot infer that the purchaser had the assent and permission of the vendor to remove the automobile from the State of Mississippi. Again we state that the intent of the parties as evidenced by the documents was that the automobile was to be kept at Grenada, Mississippi, or within the State until it was paid in full.
We are of the opinion that the cases relied upon by the defendant are inapposite to the case at bar, and that defendant's contention is not well founded either in reason or in law. Applying the jurisprudence as enunciated in the Overland Texarkana Co. case, and the other cases, supra, we are of the opinion that the judgment is correct.
For these reasons, the judgment appealed from is affirmed.