HARDY, Judge.
Plaintiff, a resident of Chicago, Illinois, brought this suit to recover a particularly described Plymouth sedan alleged to be in the possession of defendant, a resident of Grant Parish, Louisiana. Alleging himself to be the owner of the automobile in question plaintiff set up certain facts which were established on trial of the case, namely that on or about December 15, 1948, one John B. Cole sought to purchase the automobile from petitioner in Chicago and after some negotiation gave plaintiff a check in the sum of $2,250.00 drawn on the Twin City Bank of North Little Rock, Arkansas. Plaintiff attached the document conveying title, as required under the laws of the State of Illinois, to the check and forwarded same for collection. Payment was refused by the Arkansas bank and the dishonored check, together with the title papers, were returned to plaintiff. The automobile subsequently was sold to one James W. McKenzie, Jr., and by him to defendant, Bullington.
Defendant answered plaintiff’s petition, generally denying same, called McKenzie in warranty, and the warrantor answered *92 particularly denying the allegations of plaintiff’s petition and setting up the validity of warrantor’s title. Additionally, the warrantor asserted in the alternative that he" exercised due care, diligence and caution in buying the automobile and that his purchase was accompanied by delivery of an apparently valid certificate of title, and that if any fraud has been committed on petitioner it was caused by his own negligence which made the fraud possible. On the same ground warrantor further specifically pleaded estoppel against plaintiff.
The automobile was sequestered by plaintiff and subsequently, in response to judgment on a rule caused to be issued by plaintiff against the defendant and the warrant- or, the automobile was sold, and the net proceeds in the sum of $1,575.00 were deposited in the registry of the Court of the Ninth Judicial District. It follows that this litigation therefore is confined to the ownership of the said sum of money.
After trial there was judgment in favor of plaintiff and against defendant and warrantor recognizing plaintiff as the owner of the sum deposited in the registry of the Court and directing the clerk to pay over said amount to plaintiff. There was further judgment in favor of plaintiff against defendant and warrantor for costs. From this judgment the warrantor has appealed. In passing we call attention to the fact that while the judgment itself does not condemn warrantor nor bind him in favor of defendant -for the sum involved, it nevertheless, if allowed to go unchallenged, would serve to preclude warrantor from asserting any valid defense to any subsequent action by the defendant seeking judgment on the warranty. It is for this reason that we consider warrantor has a right of appeal.
Plaintiff’s action is predicated upon the contention that his negotiation with Cole was a conditional sale, as a consequence of which Cole was not vested with title nor was plaintiff divested of title to the vehicle in question until and unless the purchase price represented by the check delivered to plaintiff'by Cole was paid. It logically follows if plaintiff’s contention be true that the dishonoring of the check was evidence of the failure of fulfillment of the alleged conditional sale and that plaintiff continued to be vested with title to the automobile despite the machinations of Cole and his associates.
While we have some question as to whether the transaction between plaintiff and Cole can be properly denominated as a conditional sale, we are nonetheless firmly of the opinion that the precautions taken by plaintiff were sufficient to confirm him in the continuance of his title. Plaintiff testified on trial, and was uncontradicted, that his procedure was in accordance with the usual custom of dealers in Chicago and that the possession of the document which he attached to the check was the only muniment - of valid title of the possessor.
It follows that if plaintiff was defrauded of possession of the automobile by one who had no right to title, neither the war-rantor nor defendant in this case could acquire title.
But it occurs to us that there is another element which is of vital importance to the determination of this case, namely, whether the automobile was taken into possession by Cole with the intention of removing same from the State of Illinois with the knowledge or consent of plaintiff. In connection with this point we note the allegation in Article 2 of plaintiff’s petition: “that petitioner does not know in what manner the defendant herein acquired possession of the said automobile.”
Warrantor’s answer puts this point squarely at issue both by the allegation that petitioner’s negligence made possible the fraud, and by the alternative plea of es-toppel.
Careful and repeated readings of the testimony on trial has not disclosed a single word bearing upon this point. So' far as is reflected by the record there is no -explanation as to how Cole procured possession of the automobile, nor is there any showing with respect to plaintiff’s knowledge vel non of Cole’s intention to immediately remove the automobile from the: State of Illinois.
*93 The determination of this point is important to the pronouncement of judgment on the appeal in view of the line of cases which recognizes the right of enforcement of conditional sales in certain instances where the object thereof has been removed to Louisiana without the knowledge or consent of the vendor. For this reason we think it necessary to remand the case for the purpose of adducing evidence on the point noted.
It is therefore ordered, adjudged and decreed that this case be, and it is hereby, remanded to the Honorable Ninth Judicial District Court in and for 'the Parish of Rapides, State of Louisiana, there to be proceeded with in accordance with the views hereinabove expressed. Costs of this appeal are taxed equally against plaintiff and warrantor, and it is ordered that assessment of all other costs await final determination hereof.