GLADNEY, Judge ad hoc
(dissenting).
The majority opinion is predicated on what is termed the tacit consent of the conditional vendor that the conditional vendee might take the subject automobile to any state he pleased, including Louisiana. I cannot draw this inference from the facts presented. The transaction was a conditional sale in which legal title to the automobile remained in’ the vendor until payment of the check, in Little Rock, Arkansas, and only upon payment of said check could the certificate of title pass ownership of the car.
The record malees it clear a conditional sale is valid under the laws of Arkansas and Illinois. Thus, when the check was dishonored and discovered to be fraudulent, it was apparent a theft had been committed and the sale was void ab initio. That the ■conditional vendor knew title to the car was to pass in Arkansas has no effect other than to bring into action the lex loci situs which here only could be the law prevailing in Arkansas.
The rule of comity practiced and recognized in this state is largely drawn from Article 10 of the Civil Code, which, inter alia, says:
“The form and effect of public and private written instruments are governed by the laws and usages of the places where they are passed or executed.
“But the effect of acts passed in one country to 'have effect in another country, is regulated by the laws of the country where such acts are to have effect. *
Our courts have repeatedly announced the ' application of the codal article and by reason of comity have on many occasions respected conditional sales executed in other states, even as against a bona fide purchaser or pledgee of the vendee, where the object has been removed to. Louisiana without the knowledge and consent of the vendor. Overland Texarkana Co. v. Bickley, 1922, 152 La. 622, 94 So. 138; Finance Security Co. v. Conway, 1933, 176 La. 456, 146 So. 22; Hinton Co. v. Rouse, 1926, 4 La.App. 471; Equitable Credit Co. v. Miller, 1928, 8 La.App. 254; Security Sales *325 Co. of Louisiana v. Blackwell, 1928, 9 La.App. 651, 120 So. 250; General Motors Acceptance Corp. v. Budreaux, 1929, 10 La.App. 626, 121 So. 338, reversing on rehearing 1928, 10 La.App. 626, 119 So. 735; State ex rel. Grosjean v. Shurley, La.App., 1936, 165 So. 533; Universal C. I. T. Credit Corp. v. Victor Motor Co. et al., La.App., 33 So.2d 703.
These decisions rest on the ground that every state has the right to regulate the transfer of property within its limits, and that whoever sends property to it, impliedly submits to the regulations concerning its transfer in force there, although a different rule of transfer prevails in the jurisdiction where he resides. There is no absolute iright to have the transfer of property, lawful in that jurisdiction, respected in the courts of the state where it is located, and it is only by reason of comity that it is ever allowed. Green v. Van Buskirk, 5 Wall. 307, 18 L.Ed. 599, Id., 7 Wall. 139, 19 L.Ed. 109. Hervey v. Rhode Island Locomotive Works, 93 U.S. 664, 23 L.Ed. 1003.
In Overland Texarkana Company v. Bickley, supra, Provosty, C.J., 152 La. at pages 625 and 626, 94 So. at page 139, said: “The rule enunciated in article 10, C.C., supra, which has its foundation in mere comity, will not be applied where to do, so would displace rights derived from the laws of the state of the forum. Tyree & Co. v. Sands & Co., 24 La.Ann. [363] 364. But, in the present case, no rights derived by defendant from the laws of this state are displaced. The reason zvhy defendant has no rights is that his vendor had none and could convey none, and that he has not acquired any fr-om any other source.1’ (Italics mine.)
I am of the opinion that the conditional vendor never anticipated nor contemplated the removal of the car to Louisiana, and such removal must be treated as an unauthorized removal. The conditional ven-dee never acquired title nor was he clothed with any indicia of title, but only accorded the possession of the automobile. In Overland Texarkana v. Bickley, supra, the court held a conditional vendor could not be estopped to assert his rights unless the owner has clothed the defrauder with some in-dicium of ownership besides mere possession.
Counsel representing the appellees herein cites the cases of American Slicing Machine Company v. Rothschild & Lyons et al., 12 La.App., 125 So. 499 and Finance Security Company, Inc., v. Mexic, La.App., 188 So. 657. Neither of these cases is applicable to the facts presented in the instant case. In American Slicing Machine Company v. Rothschild & Lyons, the facts clearly show the machine involved there came into the state with the -authority and consent of the seller and that the contract was not complete until delivery to the vendee in this state. • In Finance Security Company v. Mexic, the court found as a fact that the parties to the transaction contemplated the car would be taken to and kept in Louisiana. In these cases there is no question of a proper finding by the court that the parties contemplated that the contract would-be perfected or become effective in the state of Louisiana. The facts in the instant case are entirely different.
For the foregoing reasons, I respectfully dissent, being of the opinion judgment should be in favor of plaintiff-appellant.