MOISE, Justice.
 

 Pursuant to an order of the Ninth Judicial District Court, Parish of Rapides, a 1948 Plymouth automobile was sold for the sum of $1,575, and this amount was deposited in the registry of that court. The present controversy is over this sum of money so deposited.
 

 The plaintiff is a used car dealer in Chicago, Illinois. He sold the Plymouth car involved to John B. Cole, who was associated with a Mr. Townley. There was a conviction in the State of Illinois for the fraudulent manner in which this car had been obtained from the plaintiff. Cole gave a check on a North Little Rock bank. Both delivery and possession of the car were given to Cole, in Illinois, with the understanding that he was to remove the car to his used car lot in North Little Rock. Plaintiff withheld from Cole the Certificate of Title to the automobile and attached it to Cole’s check, which was mailed to the bank for collection. The check was returned N.S.F. Thereupon, the check and the title certificate were sent back to the plaintiff. In the meantime, however, the Plymouth had passed into the hands of a used car dealer in Alexandria, Louisiana, J. W. McKenzie, Jr., who sold the car to Robert H. Bullington. McKenzie did not give Bullington a title certificate. McKenzie testified that he purchased the car from the Monroe Automobile Auction, and that he received a title certificate, but that it was stolen from him. The plaintiff brought suit in the Ninth Judicial District Court, Parish of Rapides, against Bullington, and also seized the Plymouth. Bullington called McKenzie in warranty. The district court held for plaintiff and an appeal was taken by defendant warrantor, J. W. McKenzie, Jr. The Court of Appeal, Second Circuit, 50 So.2d 91 remanded the case to the district court for the purpose of ascertaining information as to how Cole obtained possession of the automobile.
 

 The evidence received was in the form of a stipulation. The lower court found for the defendant. An appeal was again taken to the Court of Appeals (56 So.2d 321, 324) and judgment was rendered by a divided court affirming the district court’s judgment. On plaintiff’s application, we granted a writ of review, and the matter is now before us for consideration.
 

 We are in accord with the views so well expressed by the dissenting judge of the Court of Appeal, to wit:
 

 
 *373
 

 “The
 
 majority opinion is predicated on what is termed the tacit consent of the conditional vendor that the conditional vendee might take the subject automobile to any state he pleased, including Louisiana. I cannot draw this inference from the facts presented. The transaction was a conditional sale in which legal title to the automobile remained in the vendor until payment of the check in Little Rock, Arkansas, and only upon payment of said check could the certificate of title pass ownership of the car.
 

 “The record makes it clear a conditional sale is valid under the laws of Arkansas and Illinois. Thus, when the check was dishonored and discovered to be. fraudulent, it was apparent a theft had been committed and the sale was void ab initio. That the conditional vendor knew title to the car was to pass in Arkansas has no effect other than to bring into action the lex loci situs which here only could be the law prevailing in Arkansas.”
 

 Article 10 of the LSA-Civil Code provides :
 

 “The form and effect of public and private written instruments are governed by the laws and usages of the places where they are passed or executed.
 

 “But the effect of acts, passed in one country to have effect in another country, is regulated by the laws of the country where such acts are to have effect.”
 

 The record presents two questions of law. The first is whether the defendant and his warrantor are conditional vendees; the second, what rights have defendant and his warrantor if they acquired their title, if any, from a thief.
 

 The leading case on the subject appears to be Overland Texarkana Co. v. Bickley, 152 La. 622, 94 So. 138, 139, which seems to be almost identical with the case now under consideration. In the Overland-Bickley case, the plaintiff sold,an automobile to a third party in Arkansas, entering into a conditional sale agreement with respect to the transfer of title. A check was given for $500 and there • was executed three promissory notes for the balance due. The check was worthless — having been drawn on a bank in which a third party had no account. The third party sold the car in Louisiana to defendant, who purchased it in good faith and for valid consideration. In holding that plaintiff was. entitled to recover against defendant, the Court said:
 

 “When this stranger brought' the automobile into this state he had no title to it; and he acquired none thereafter. Not having any, he could convey none. The sale to him not having been made in this state, was not governed by the law of this state. C.C. art. 10. Therefore defendant acquired no title; and therefore also said Act 193 of 1920 does not apply to this case.
 

 
 *375
 
 “Nor is the rule, that where one of two innocent persons must suffer loss by reason of the fraud of a third person, the loss should fall upon him by whose act or omission the wrongdoer has been enabled to commit the fraud, apply to the case. Defendant relied upon what the stranger told him, and upon the fact that the stranger had possession of the car and appeared to be owner. If the stranger had told him the truth, he would not have been in good faith in purchasing from him. For any lies of this stranger plaintiff is not responsible. The only thing plaintiff is responsible for is' for the stranger’s having had possession. But the letting a person have possession of a movable is not enough for estopping an owner from recovering his property from a third person who has purchased it in good faith from the possessor. If it were, a lessor or lender could not recover from a person who had bought in good faith from the lessee or borrower; and no one would pretend such a thing. In order that said rule should apply, the owner must have clothed the defrauder with some indicium of ownership besides mere possession. 24 R.C.L. 663, p. 376.”
 

 In the case of Universal C. I. T. Credit Corporation v. Victor Motor Company, La. App., 33 So.2d 703, 704, the same situation was presented, except that the conditional sale involved was contracted in Mississippi. In deciding that case in favor of the plaintiff, the court said:
 

 “The jurisprudence of this State applicable to conditional sale contracts is now well settled and can be stated thusly: In spite of the fact that conditional sales are invalid when contracted in Louisiana, the Louisiana courts, through comity, have recognized sales executed in other states, even as against a bona fide purchaser or pledgee of the vendee, where the object has been removed to Louisiana without the knowledge or consent of the vendor. Overland Texarkana Co. v. Bickley, 1922, 152 La. 622, 94 So. 138; Finance Security Co. v. Conway, 1933, 176 La. 456, 146 So. 22; Hinton Co. v. Rouse, 1926, 4 La.App. 471; Security Sales Co. of Louisiana v. Blackwell, 1928, 9 La.App. 651, 120 So. 250; State ex rel. Grosjean v. Shurley, La. App., 1936, 165 So. 533.”
 

 The two above cases are decisive of the issue here, if conditional sales are recognized in the State of Illinois. However, the defendant contends that because the plaintiff voluntarily surrendered possession of the car to Cole with the knowledge that he was to remove the car from Illinois to Arkansas, the plaintiff’s recovery of the car is prevented under the authority of American Slicing Machine Company v. Rothschild and Lyons, 12 La.App. 287, 125 So. 499 and Finance Security Incorporated v. Mexic, La.App., 188 So. 657.
 

 
 *377
 
 In the Rothschild case, the negotiations for conditional sale were conducted by plaintiff’s -Louisiana representative in Louisiana with a Louisiana purchaser for delivery in Louisiana. Under these circumstances, the court held that the conditional sale was one designed to circumvent Louisiana laws and hence would not be recognized. The court said [12 La.App. 287, 125 So. 500]:
 

 “but such contracts, when entered into in states allowing them, will be enforced by the courts of Louisiana, through comity,
 
 when not designed to circumvent our own laws.”
 
 (Italics mine.)
 

 We believe that under the law and the evidence in this case, it cannot be inferred directly or indirectly that the plaintiff at any time had knowledge that this Plymouth car would be removed to Louisiana, or that the plaintiff ever consented to such removal. He did, however, consent to its removal to Arkansas, a State in which his rights under the conditional sales contract would be fully recognized.
 

 In the Mexic case supra, the sale was made in Mississippi, to a resident in Louisiana, who notified the seller of his intention to remove the car to Louisiana. He gave his Louisiana address and fully advised the seller that the so-called beneficial effects of the sale were to take place in Louisiana. Here, we submit that the facts in this case are in no way similar to the facts in the case at bar. Taking up again the Rothschild case supra, we quote the language of the Court of Appeal:
 

 “and when the contract is to be performed elsewhere, or is to have its entire beneficial operation and effect elsewhere, then the law of the latter place is to govern, because, in the absence of anything to the contrary, it is presumed that the parties so intended.”
 

 The only “elsewhere” for the performance of the contract of conditional sale in the case at bar was the State of Arkansas, a State whose laws recognize and protect the conditional vendor. Helena Wholesale Grocery Co. v. Interstate Grocer Co., 196 Ark. 454, 118 S.W.2d 857; 175 A.L.R. 1368 and Ellis v. Smithers, 206 Ark. 247, 174 S.W.2d 568.
 

 From the foregoing jurisprudence, it can be readily seen that the only time the seller is denied the protection afforded in a conditional sale executed in another State, is in instances where the seller either had affirmative knowledge of the fact that the property would be brought into this state or that the contract was executed with the intention to circumvent Louisiana law. To sustain the contention of the defendant and warrantor in this case, that doctrine must be expanded to apply in any case where the property is removed from the original state of the contract with the consent of the seller regardless of whether the parties, at any time, had any remote idea or intention that the State of Louisiana and its laws should enter into the transaction. The rule of law,
 
 *379
 
 if so extended, as defendant seeks, would be unwise.
 

 In American Jurisprudence the following Illinois cases are cited which set forth the Illinois rule that a purchaser from a thief acquires no title. Drain v. La-Grange State Bank, 303 Ill. 330, 135 N.E. 780; Burton v. Curyea, 40 Ill. 320, 89 Am. Dec. 350; Fawcett, v. Osborn, 32 Ill. 411, 83 Am.Dec. 278; Jennings v. Gage, 13 Ill. 610, 66 Am.Dec. 476. See also, as to the legality of conditional sales in the State of Illinois, Smith-Hurd Illinois Annotated Statutes, 121%, Sales, Sections 20 and 23; Commercial Credit Corp. v. Ftaz, 346 Ill.App. 541, 105 N.E. 789; Motor Acceptance, Inc. v. Newton, 262 Ill.App. 335 and Graver Bartlett Nash Company v. Krans, 239 Ill.App. 522.
 

 The above rule is also the law of the State of Louisiana.
 

 In the recent case of Packard Florida Motor Co. v. Malone, 208 La. 1058, 24 So. 2d 75, 77, Manderback gave forged checks in payment of an automobile sold by the plaintiff. Manderback forged transfer papers and eventually the car was purchased in Louisiana in good faith by Malone. In holding that the plaintiff should recover the automobile, the Court made the following observations concerning the Louisiana law:
 

 “Under the general rule announced in Article 2452 of the [LSA] Civil Code no one can be divested of his property without his consent, and, consequently, an innocent third person under a defective title can not hold against the true owner.
 

 * sjc * * s|e
 

 “Our positive written law declares that the sale of a thing belonging to another is null, and that the ownership of movable property can not be acquired by possession unless that possession has been maintained for a period of ten years if the thing was stolen or lost. [LSA] Civ.Code, Arts. 2452, 3506, 3509.”
 

 For the reasons assigned, the judgment of the Court of Appeal, Second Circuit, is reversed, annulled and set aside, and
 

 It is now ordered that there be judgment in favor of the plaintiff, Martin Fisher, d/b/a Island Auto Sales Co., decreeing him to be the owner of the amount of $1,575, on deposit in the registry of the Ninth Judicial District Court, Parish of Rapides, Lá.; defendant to pay all costs.