KENNON, Judge.
By bill of sale dated February 22, 1949, the defendant, E. J. Davidson, sold to plaintiff, R. R. Cobb, a 1939 Ford Coupe, warranting same to be free from any lien or encumbrance. Shortly thereafter Cobb sold the same automobile to Elmer L. Garrett, a resident of Morehouse Parish, Louisiana. On June 7, 1949, the General Motors Acceptance Corporation filed suit against Elmer L. Garnett seeking to have the automobile which Garrett had purchased from Cobb delivered to GMAC as owner under a conditional sales contract *134 executed in the State of Texas in favor of the GMAC’s assignor by one Owen Atkin.
After a writ of sequestration was issued and the car taken from the possession of Elmer L. Garrett, this individual called upon R. R. 'Cobb to make good on his warranty of title. Whereupon, Cobb issued his check to the Sheriff of Morehouse Parish, taking a receipt in the following form:
“Robert E. Harp
“Sheriff and Tax Collector
“Parish of Morehouse
“Bastrop, La.
“6/9/49
“Received of R. R. Cobb check in amt of $432.24 Four Hundred Thirty-Two & 24/100 Dollars — for amt due GMAC on Elmer L. Garrett.
“Robert E. Harp Sheriff “By J. B. Spier, Dy.”
In the present suit R. R. Cobb seeks to recover the above amount of $432.24 from E. J. Davidson by virtue of the warranty contained in the February 22, 1949 sale by Davidson to plaintiff Cobb.
Defendant in answer admitted that he had sold the car to Cobb as alleged, but alleged that the Texas conditional sale, upon which the suit by GMAC against Garrett was based, was null and void. The answer further set forth that the plaintiff, by paying the amount of the GMAC claim to the Sheriff, had violated an agreement ¡made with defendant that defendant would be given the opportunity of defending the lawsuit.
The District Court found that the sale by The Whitten Chevrolet Company to Owen Atkin had been duly registered in the State of Texas as required by the law of that state, and gave judgment in favor of the plaintiff against his warrantor, fendant appealed. De-
The petition in which the General Motors Acceptance Corporation asserted its ownership of the Ford Coupe, then in the possession of Elmer L. Garrett in Morehouse Parish, Louisiana, recites that the coupe was sold on the 12th day of November, 1948 by the Whitten Chevrolet Company, Bishop, Texas, to one Owen Atkin, then a resident of Texas. This petition further recites that Owen Atkin at the time was working for the Whitten Chevrolet Company, but that “shortly after the purchase of said automobile the said Owen Atkins left the Whitten Chevrolet Company without warning and left the State of Texas and when last heard from he was in the State of North Carolina.” The suit against Elmer L. Garrett containing the above quoted allegation 'was filed by the General Motors Acceptance Corporation on June 7, 1949.
The testimony of Mr. Lloyd M. Monroe, manager of the General Motors Acceptance Corporation of Corpus Christi, Texas, was taken by deposition and is in the record of the present case. He testified that his company purchased the conditional sales contract entered into between the Whitten Chevrolet Company and Owen Atkin at Bishop, Texas, and identified a copy of the sales contract and another document as “a bookkeeping record of the account which originated in the purchase of the conditional sales contract signed by Owen Atkins,” and testified as to the balance due by Owen Atkin at the time Mr. R. R. Cobb, present plaintiff, gave his check to the Sheriff of Morehouse Parish in settlement of the GMAC suit against Garrett. This “bookkeeping record,” marked Plaintiff No. 3, is a printed form used as an office record in conditional sales contracts purchased by the GMAC. The data on the form includes the following:
“Customer Atkins, Owen Burrow
Street Route 1 Box 17, Smackover, Ark.
City State -B4SHQP-, TEXAS
Dealer Whitten Chev. Co. W18. .
City State Bishop, Texas
Year Mod Used 1939
Make Ford
Type St. Coupe
Motor No ■5140765”
*135 The presence of the address, Route 1, Box 17, Smackover, Arkansas, on the bookkeeping record of the GMAC indicates, hut does not establish, that that company had actual knowledge that the purchaser of the Ford Coupe in question had actually moved his residence from the State of Texas. The fact that the purchaser was employed by the Whitten Chevrolet Company at the time the sale was made and shortly there-
after left their employ and left the community, indicates further that the original holder of the original sales contract and likely the purchaser of same, General Motors Acceptance 'Corporation, had knowledge that the car had been removed from the Stafe of Texas.
There is in the record a Louisiana license receipt covering the automobile in question which includes the following data:
“Registration Card
Tag No. 176-426 Motor No. 5140765
Make Ford
Model CPE
Date 1-11 — 49
Parish Union
Name Owen Atkin
Address Rt 1 Box 17 Smackover, Ark.”
The fact that Owen Atkin gave as his address, in adopting for Louisiana license, the identical address shown on the bookkeeping record of the GMAC — owner of the conditional sales contract — is another indication that Owen Atkin at the time was making no concealment of his whereabouts.
A study of the record as a whole leads to no definite conclusion either way on the question of whether the removal of the car from the State of Texas to Smackover, Arkansas, was known by the original seller of the automobile and by the assignee of the conditional sales contract.
The law of Louisiana with reference to the enforcement against bona fide purchasers in this state of conditional sales contracts, lawful where made, is contained in the following quotation from the case of Universal C. I. T. Credit Corporation v. Victor Motor Co., La.App., 33 So.2d 703, 704: “The jurisprudence of this State applicable to conditional sale contracts is now well settled and can be stated thusly: In spite of the fact that conditional sales are invalid when contracted in Louisiana, the Louisiana courts, through comity, have recognized sales executed in other states, even as against a bona fide purchaser or pledgee of the vendee, where the object has been removed to Louisiana without the knowledge or consent of the vendor. * * * Where, however, if the removal to Louisiana is with the knowledge or consent of the vendor (or when the intent of the parties in contracting outside of Louisiana is to circumvent the law of the state), the conditional sale is not recog-nised.” (Italics ours.)
Applying the above quoted law to the facts of the case before us, we find that Owen Atkin did enter into a conditional sales contract at Bishop, Texas, which was a valid and enforceable one under the laws of that state. We further find that the assignee of this conditional sales contract filed a petition in More-house Parish, Louisiana, setting forth the following state' of facts: that the automobile had been removed from the State of Texas without the consent of the vendor and to a destination unknown to the vendor. Under the law above quoted, and under the facts set forth in its petition, the GMAC had a right to the automobile superior to that of Garrett, the Louisiana bona fide purchaser; Garrett in turn, had he called his vendor, R. R. Cobb (present plaintiff), in warranty, would have been entitled to be indemnified under the warranty contained in the sale from Cobb to Garrett. Cobb in turn had the legal right —always assuming the facts alleged in the *136 GMAC petition were true — to be indemnified by E. J. Davidson (present defendant) under the warranty contained in the sale from Davidson to Cobb.
The rule with regard to the legal liability against a warrantor in a separate action in cases where a defendant has not called his warrantor to defend the suit, is stated in Article 388 of the Code of Practice, quoted below: “Separate action against warrantor- — Liability.—The defendant, though he has not called his warrantor to defend the suit, brought against him, does not lose on that account his action in warranty, unless the warrantor prove that he had means for defeating the action which were not used, owing to the defendant having failed to call him in warranty, or having neglected to apprise him of the suit having been brought.’',
. The above article seems to place the burden of proof upon the warrantor to show “that he had means for defeating the action which were not used, * *
In the case before us, under the general rule that a plaintiff must establish his case, R. R. Cobb, in order to recover the money paid to the Sheriff of More-house Parish, was under the burden of establishing that the lien asserted against Garrett by the GMAC was a valid one. It is also true that, had Cobb not paid the amount of the claim to the Sheriff and had he been called in warranty and forced to pay the sum due the GMAC, he would have a valid cause against Davidson, the present defendant, unless Davidson could meet the burden of showing “that he had means for defeating the action” as described in the above quoted Article 388 of the Code of Practice.
In view of this equitable division as to the burden Of proof, and considering the incomplete and inconclusive testimony offered upon the vital question, i. e., whether or not the removal of the automobile by Owen Atkin from the State of Texas to Smackover, Arkansas, was known to the vendor and its assignee, we have concluded that the proper judgment would be one of- nonsuit
For the reasons assigned, the judgment appealed from is reversed and set aside, and judgment is now rendered dismissing plaintiff’s demands as of nonsuit. Costs of court to be borne equally by plaintiff and defendant.