KENNON, Judge..
In this suit Commercial Credit 'Corporation seeks to recover from defendant, a used car dealer in Ruston, Louisiana, the amount due plaintiff on a Mississippi conditional sales contract covering a Kaiser automobile sold to one Compton E. Lowery in Mississippi and by Lowery sold to defendant in Ruston, Louisiana.
Plaintiff alleges that it is the owner of a conditional sales contract executed by Lowery on February 21, 1948 at Wesson, Mississippi in favor of the Ray Motor Company, and that notwithstanding this valid conditional sales coxitract, Lowery subsequently, without the knowledge, c<?n-sent or permission of plaintiff, delivered the described Kaiser automobile to the defendant in Ruston, Louisiana, who" in turn delivered same to Mr. and Mrs. Fred Winnifree, also residents of Ruston; that defendant, after discovering the existence of plaintiff’s mortgage, again took possession of the automobile and has since refused to disclose the location or whereabouts of same.
Defendant’s exception of no cause or right of action was overruled and in answer to his prayer for oyer, the original conditional sales contract and the original note were filed in court and are a part of the record before us.
Defendant’s answer denied everything contained in plaintiff’s petition except the fact that he was a resident of Lincoln Parish and engaged in the used car business.
From a judgment of the District Court rejecting its demands, plaintiff prosecutes the present appeal.
A conditional sales contract covering a Kaiser Four Door Sedan Serial No. 023882j Motor No. 233606, was executed under date of February 21, 1948. The Ray Motor Company, named as vendor, on the same day executed an assignment of its contract to plaintiff, Commercial Credit Corporation.
On May 12, 1948, Compton Lowery, giving his address as Arcadia, Louisiana, care of Lowery Motor Company, exchanged this automobile described as a . 1948 Kaiser Sedan, Motor #K33360, to defendant under the trade name of Post Motor Company. On June 14, 1948, defendant executed a notarial bill of sale wherein he transferred to Mrs. R. H. Winfree the. same sedan under the same motor number. On June 28, 1948, defendant re-acquired the same Kaiser Sedan from this customer by delivering to her in exchange therefor a Mercury Four Door Sedan. Shortly thereafter defendant sold and delivered the Kaiser Sedan for a cash consideration to an automobile dealer in Lubbock, Texas, whose name he did not recall when questioned on the witness stand. On June 15, 1948, while the Kaiser Sedan was in the possession of Mrs. Winfree, Mr. Robert Simms, an insurance agent at Ruston, Louisiana, issued a policy of insurance to Mrs. Winfree covering the automobile. In this policy, the serial number of the car was listed as 023882 and the motor number as K33360.
The defendant introduced in evidence a certificate of ’ registi-y from the Louisiana Department of Revenue showing that a 1948 Louisiana license was issued on February 18, 1948 to C. E. Lowery, Arcadia, Louisiana, covering a four door Kaiser Sedan, Motor No. K33360.
Counsel for both parties directed considerable attention in briefs to the question of whether or not the Kaiser automobile which defendant acquired from Lowery and sold to Mrs. Winfree and in turn to the Texas automobile dealer for cash, was,the identical car covered by the conditional sales contract between Lowery and the Ray Motor Company and made the basis of plaintiff’s suit.
Mr. W. H. Ray testified that his company sold only one Kaiser Sedan to Lowery; that he went to Ruston, Louisiana, while the Kaiser was in the possession of Mr's. Winfree, to see about the car and that it was brought to the defendant’s used car *561 lot by Mrs. Winfree or someone authorized by her; that he checked the motor number and found it -to correspond with the motor number, on the conditional sales contract. In the insurance policy issued by- Mr. Simms to Mrs. Winfree, the serial number given is identical with the serial numbef contained in the bill of sale. After consideration of the testimony as a whole we find that plaintiff has met the burden of showing by a preponderance of the testimony that the car covered by its'conditional sales contract was the same Kaiser Four Door Sedan delivered to defendant by Lowery, sold by defendant first to Mrs. Winfree and finally to a Texas used car dealer. This conclusion is strengthened by the fact that it was the action of defendant in taking the car back from Mrs. Winfree and selling it to an out of state dealer that created the condition whereby positive and final testimony as to the motor number- and serial number was not conveniently available at the time of the trial.
We next consider whether plaintiff has met the requirements necessary to the recognition of its Mississippi sales contract. Louisiana courts have recognized such sales executed in other states even against a bona fide purchaser, where the object has been removed to Louisiaina without the knowledge or consent of the owner. On the contrary, ' if the removal to Louisiana is with the knowledge or consent of the vendor, the conditional sales contract is not recognized in this state as against the claims of a bona fide purchaser from,' of pledgee of, the ven-dee. The authorities on this point are discussed in Universal C. I. T. Credit Corporation v. Victor MotorCo., La.App., 33 So.2d 703, and followed by this Court in the case of Cobb v. Davidson, La.App., 46 So.2d 133.
The. burden is upon the plaintiff to show the facts which are a prerequisite, to the recognition of its vendor’s lien, first, that its conditional sales contract was entered into where such conditional sales con; tracts are valid, secondly, that the removal to Louisiana was without the knowledge or consent of the vendor.
On :the first question, the record shows that the contract between Lowery and the Ray Motor Company-.was signed in the State of Mississippi and that, conditional sales contracts are valid and binding in that jurisdiction.
We next examine the facts in the record on the question of whether or not the vendor knew, that the purchaser was using or expected to use the car in Louisiana.
The record indicates- that there was a rather close personal relationship between the purchaser Lowery and the two Rays, who were partners in the Ray Motor Company. W. H. Ray testified that Compton Lowery operated the Wesson Service Station, within the same block as the Ray Motor' Company, for about a year. W. H. Ray admitted on cross-examination, when asked if his brother (and partner in business) had not"wrecked a Ford car belonging to' Compton Lowery, that “it was Lowery’s car, I think; he was driving it.” Regardless of who was driving the car, the answer- indicates that Ray and Lowery were companions in the car at the time. When W. H. Ray was asked the question whether his brother had given Compton Lowery his consent to bring the car to Louisiana, he said, “I operate the business. My -brother has a half interest and I run it. I buy and do all the selling and everything.”
The conditional sale.upon which plaintiff bases its case is in favor of the Ray Motor Company and is signed on behalf of the vendor, “Ray Motor Co. by C. A. Ray, Jr.” This shows that at least so far as the Lowery deal was concerned, W. H. Ray was incorrect in stating that he personally did “all the selling.” A further indication that this was not true in the case of the Compton Lowery sale is Mr. W. H. Ray’s testimony that Lowery went from Wesson, Mississippi to Jackson, forty-five miles away, “with my brother (C. A. Ray, Jr.) to pick the car out.”
It is noteworthy that C. A. Ray, Jr... whom W. H. Ray testified was a partne; in the business, and who actually did handle" this Lowery sale, and who was a guarantor to the Commercial Credit Company and *562 therefore had a financial interest in the outcome of the suit, was not brought to Ruston and placed on the witness stand.
The invoice introduced in the record as D-2, whereby Compton Lowery transferred the Kaiser Sedan to defendant, has the following information regarding the address and business name of Compton Lowery: “Compton Lowery, Arcadia, Louisiana c/o Lowery Motor Co.” An indication that Lowery, on February 21, 1948, when the conditional sales contract was signed, had already begun doing business in Louisiana, is the fact that the certificate in the record shows that a Louisiana license was issued for this automobile on February 18, 1948. This indicates that Lowery possibly had 'been given possession of the automobile prior to execution of the sales papers and that, at the time of the purchase, he expected to carry the car to Louisiana and use it there. There is no testimony in the record that a Mississippi license was ever issued for the Kaiser automobile covered by the Mississippi conditional bill of sale. In view of the fact that a Louisiana license for it was actually issued three days before the purchase papers were signed, the logical assumption is that the Louisiana license was placed upon it as a new car. That C. A. Ray, Jr. and the Ray Motor Company had reason to believe that Compton Lowery’s residence was changing to Louisiana is further shown by an examination of the information form on the reverse side of the conditional sale contract itself. There are three credit references given, Arcadia Credit Prod. Corp., Arcadia, La., D. H. Rogers, Arcadia, La. and The Toggery, Arcadia, La. In the space for checking account is given the First National Bank, Arcadia, La.
In order for plaintiff’s right under the conditional sale to prevail over defendant, who was a bona fide purchaser for value, plaintiff must show by a preponderance of the evidence that the removal from Mississippi to Louisiana was without the knowledge or consent of the vendor. A weighing of the testimony as a whole leaves unsettled the question as to whether or not C. A. Ray, Jr. had knowledge, at the time -of the sale, of the Louisiana license or knew that the car was to be used in Louisiana and that Lowery had set up or was in process of setting up a business and residence in Louisiana. Consequently, the plaintiff has not discharged the required burden.
In the case of Motor Securities Co., Inc. v. Lowery (Ray Motor Company, Intervener), La.App., 40 So.2d 397, the Ray Motor Company, vendor of the Kaiser automobile involved in the present suit, intervened, claiming to hold a superior mortgage to that asserted by the plaintiff therein. In that case we noted that Compton Lowery was married on February IS, 1948, and we considered testimony relative to the change in domicile and Louisiana business activities of Compton .Lowery during the same period covered by the transactions involved in the present suit. These facts cannot be now considered by us since they are not a part of the present record.
In the trial of the present case, considerable emphasis was placed upon the identity of the automobile. W. H. Ray, when asked whether he knew that Compton Lowery had brought the car to Louisiana, replied, “I knew he had come to Louisiana on his honeymoon." Very little other testimony was introduced on the question of Lowery’s coming to Louisiana, the circumstances surrounding the delivery of the automobile, the obtaining of the Louisiana license plates, the existence vel non of Mississippi plates for the same car, and the familiarity of C. A. Ray, Jr. with facts and circumstances indicating that Lowery’s carrying of the car to Louisiana was with his knowledge or consent. Under the circumstances, we think that the plaintiff’s demands should be dismissed as of nonsuit.
For the reasons assigned, and in order to accomplish the above noted purpose, the judgment appealed from is amended to read: “It is ordered that the demands of plaintiff, Commercial Credit Corporation, against defendant, A. B. Post, be dismissed as of nonsuit. All costs to be paid equally by plaintiff and defendant.”
The judgment as amended is affirmed.