TALIAFERRO, Judge.
This case was argued and submitted heretofore for a decision by this Court, and was remanded to the lower court for the purpose of allowing the introduction of evidence on the question of whether plaintiff had knowledge of the intention of Cole, the purchaser of the car involved, to remove the same from the State of Illinois, wherein the sale was consummated and wherein conditional sales law is in effect. The question, on second trial, was answered in the affirmative by admission of counsel. That is, that plaintiff knew Cole intended to take the car into the State of Arkansas, where there is conditional sales law.
The Court gave judgment for defendant as by 'him prayed, and dismissed the call in warranty. Plaintiff prosecutes appeal.
The pertinent facts of the case are, in the main, stated in our former opinion. SO So.Zd 91. We shall restate them only in part.
Plaintiff is a dealer in used cars in the ■City of Chicago, Illinois, and sells to automobile dealers and others over the country generally. When Cole approached him about buying cars he represented himself as being a car dealer in Little Rock, Arkansas, operating under tire trade name “John B. Cole Auto Sales”. He produced documentary evidence that convinced plaintiff of the truth of said representations. Soon a deal was closed for the sale and purchase of the car in question, and also for a Chevrolet passenger car. Cole then gave to plaintiff his check, signing the trade name thereto, for the sum of $2,250, the price of the car in question, on a bank in North Little Rock, Arkansas. On the faith of this check, the car was delivered to Cole. Plaintiff attached to the check a certificate of title, necessary under the law of Illinois to pass title, endorsed the check, and promptly deposited the same in his bank for collection, with instructions that the title papers be delivered to Cole only if the check cleared. Cole had no account in the bank, and, of course, the check was dishonored. It, with attached papers, was immediately returned to the plaintiff, who at once had warrant issued for Cole’s arrest. At date of first trial he was serving a sentence for his illegal conduct in a prison in the City of Chicago.
It appears that Cole had a confederate who used the name “J. I. Tarsley”, but whose proper name, it also appears, is “J. I. Townley”, and the car was delivered to him by Cole for disposition. He did so through the Monroe Auction Company of Monroe, Louisiana, to J. W. McKenzie, who thereafter sold same in good faith to the defendant. Check for the price of *323 the car, given by McKenzie, was issued to “J. I. Tarsley”, and was cashed by a bank in Little Rock, Arkansas. This name appears thereon as endorser, and also that of “Mrs. J. I. Townley”, presumably his wife.
It is made clear by plaintiff’s own testimony that he had the utmost confidence in Cole’s representations to him, and believed his check would clear, or else he would not have delivered the car to him. It is also equally clear that plaintiff knew that Cole would immediately remove the car from the State of Illinois; and we are constrained to believe that he was not concerned as to where the car would be taken as he felt that by proceeding as he had done (the procedure customarily followed by auto dealers), he would be secure in the payment of the price of the car. It is not shown that he knew that in Arkansas the conditional sales law prevailed, nor that in Louisiana no such law is in effect. We do not doubt that had Cole requested consent of plaintiff to remove the car to Louisiana pending payment of the check, he would have expressly assented. Tacitly, at least, Cole had plaintiff’s permission to take the car wherever he desired, and when it was brought into Louisiana, under such circumstances, the vendor’s right to follow it ceased. The books abound with cases that uphold this doctrine. See: Universal C. I. T. Credit Corporation v. Victor Motor Company et al., La.App., 33 So.2d 703, and cases therein cited; Commercial Credit Corporation v. Post, La.App., 52 So.2d 559.
 The lower court comprehensively discussed the issues of the case in well written reasons for its judgment. We have decided to adopt a goodly portion of said reasons as our own, and make same as integral part of this opinion,' viz.:
“First, I take the Court of Appeal to have determined that if the contract between Fisher and Cole be not a conditional sale it was at least a transaction in which Fisher retained title. I further take the decision to mean that this case will not be adjudicated upon the principle that if Fish-, er was defrauded of possession of the automobile by Cole then neither the defendant herein nor his warrantor could acquire title, as was held in Packard Florida Motor Co. v. Malone, [208 La. 1058] 24 So.2d 75. Otherwise, the case would have been decided on that point as Fisher testified that he ‘disposed’ of the automobile to Cole on the faith of a worthless check to which he had attached its title papers. These conclusions are reached despite the statement in the opinion on appeal that there is no evidence in the record showing how Cole procured possession, because the case was remanded to take evidence for determination of the point (the knowledge of Fisher as to whether the car would be removed from Illinois) and not to take evidence on the points (the knowledge of Fisher plus the circumstances surrounding Cole’s obtaining possession). In other words, we conclude that the Court of Appeal did not leave open both avenues leading to a final adjudication of this case, namely, the law governing conditional sales and the law forbidding the acquisition of title by fraud.
“At the trial after remand a joint stipulation of counsel was offered and filed and which shows Fisher’s testimony to be ‘When J. B. Cole purchased the two cars from me in Chicago, Illinois, at my place of business with checks to cover same, I knew that he would take the cars back to his establishment in Little Rock, Arkansas, for resale.’ Also admitted by stipulation, subject to an objection concerning its competency, is an expression of the law of Arkansas to the effect that title reserved in the conditional vendor in a conditional sale of an automobile is good as against the claim of a third party purchasing said automobile in good faith without knowledge of the reservation of title.
“The jurisprudence of this State applicable to conditional sales contracts and, I presume, all contracts in which title is retained, is now well settled and can be summarized as it was in Universal C. I. T. Credit Corporation v. Victor Motor Co., [La.App.] 33 So.2d 703: ‘In spite of the fact that conditional sales are invalid when contracted in Louisiana, the Louisiana courts, through comity, have recognized sales executed in other states, even as *324 against a bona fide purchaser or pledgee of the vendee, where the object 'has been removed to Louisiana without the knowledge or consent of the vendor. (Citing Overland Texarkana Co. v. Bickley, [152 La. 622] 94 So. 138, and other cases.) Where, however, if the removal to Louisiana is with the knowledge or consent of the vendor ‘ (or when the intent of the parties in contracting outside of Louisiana is to circumvent the law of the state), the conditional sale is not recognized. American Slicing Machine Co. v. Rothschild & Lyons, [12 La.App. 287] 125 So. 499, and Finance Security Co. v. Mexic, [La.App.] 188 So. 657.'
“Reverting to the testimony of plaintiff Fisher it is plain that he knew Cole would remove the automobile from the • State of Illinois. He says he knew Cole would take it to Arkansas for resale, but he does hot say that Cole told him he would take it there. In any event, Cole’s right to remove the automobile from Illinois was recognized and no limitation was put on as to where he could remove it. In surrendering possession of the vehicle, Fisher was relying, for his own protection, exclusively upon the fact that the title papers were attached to Cole’s check and would be released only if the check be paid.
"As there was no showing that Cole was granted permission to take the car to Arkansas only, or that Fisher knew that the law of Arkansas permitted conditional sales and' relied on that law in giving Cole possession, the objection to the admissibility of the - law of Arkansas contained in the stipulation of counsel is now sustained and the evidence is removed from consideration.
“It is not necessary to pass upon war-rantor’s plea of estoppel. It. is sufficient to say that when Fisher authorized the removal of the car from Illinois' to any other state he placed himself in the position of not being able to enforce in Louisiana his contract, whether it'be denominated a conditional sale or something else.”
For the reasons herein assigned, the judgment from which appealed is affirmed with costs.
GLADNEY, Judge ad hoc, dissents, giving written reasons.
KENNON, J., not participating.