HARDY, Judge.
Plaintiff brought suit for personal judgment against defendant in the principal sum of $300, with interest, attorney’s fees, etc., alleging that it was the assignee of a judgment procured by the holder of a chattel mortgage.on a certain Ford automobile which had been purchased by defendant without obtaining an affidavit of freedom from mortgage or other indebtedness on said automobile as required under LSA-R.S. 9:5362. After trial there was judgment,in favor of defendant rejecting plaintiff’s demands, from which it prosecutes this appeal.
The case was tried on an agreed statement of facts, which, while leaving much to the imagination, nevertheless appears to set out such bare facts as are requisite to *701 a determination of the issvrés, and which we summarize as nearly as possible in' chronological order as follows:
Sometime in the year 1949, apparently about the latter part of the month of October, one James R. Henderson, a resident of Vermilion Parish, Louisiana,' purportedly purchased a 1949 Ford 2 Door Sedan automobile, Motor No. 98 Ba-266928, from the Davidson Motor Company of Jackson, Tennessee, giving his personal check in payment therefor, which check was-. returned unpaid by the drawee bank marked “Insufficient Funds”. Immediately after taking possession of the described . automobile Henderson drove the same to Vermilion Parish, Louisiana, where he, executed a chattel mortgage in favor of the Vermilion Loan Company in eyidence of security for an indebtedness of ,$300, and which mortgage additionally covered a certain described Plymouth automobile. ’Following the execution of the chattel "mortgage the Ford automobile, driven by Henderson, was “practically demolished” in a wreck and the wreckage of the car was towed to the garage of Johnson Chevrolet Company in Bunkie, Avoyelles Parish, Louisiana. On February 7, 1950,', judgment was rendered by the Fifteenth Judicial District Court in and for the Parish of Vermilion in favor of Winnie B. Harrington, et al., d. b. a. Vermilion Loan Company, recognizing and ordering the enforcement of the described chattel mortgage executed by Henderson, which judgment was assigned on date of September 11,'1950,-by the Vermilion Loan Company to this plaintiff, Hub City Motors, Inc., of Lafayette Parish. On or about April 15; 1950, Davidson Motor Company of Jackson, Tennessee, the original owner of the automobile, sold all of its rights, title, claims arid interest therein to one D. G. Harvey, an employee of Johnson Chevrolet Company, for a consideration of $75 cash. Thereafter the defendant, C. F. Brock, a resident and operator of a garage repair business in Caddo’'Parish, purchased the wrecked automobile" from " the said Harvey, dismantled the same and sold or used such parts as could be salvaged therefrom. Brock did not obtain from Harvey, his vendor, the affidavit evidencing freedom from mortgages or liability for purchase price required under the express provisions of LSA-R.S. 9:5362. The only other fact of importance ,is that Henderson never did make payment of the original purchase price of the automobile.
It is apparent that this case must turn upon the answer to the question as to whether Henderson ever became possessed of the legal title or ownership of the automobile.
Counsel -for plaintiff, while conceding the general rule that one who purchases with a worthless check does not obtain title, nonetheless urges an exception to the rule on the theory of estoppel against a seller Whose imprudence in delivering possession of the property enabled the purchaser to consummate a .fraud upon innocent -third parties. In support of this position counsel cited the .ppinion, of this court in Fisher v. Bullington, 56 So.2d 321. If the cited; case could be regarded as authority, there would be merit in counsel’s contention. Unfortunately for his position, the Supreme Court of Louisiana granted writs of certi-orari to this court, and upon review reversed our holding, as reported in Fisher v. Bullington, 223 La. 368, 65 So.2d 880. The effect of the. Supreme Court’s judgment, as exemplified in its opinion, is to hold that the purported purchase of an automobile where the consideration therefor is represented by a check subsequently dishonored and unpaid constitutes a fraudulent transaction equivalent to theft, which necessitates a finding that the purported sale was void áb initio.
 While consideration’s involving-conditional sales agreements do not enter into the instant case, we do riot think -this distinction has any bearing upon the real question at issue. We áre firmly convinced, under the pr’inciple’enunciated, that the alleged' purchase' by Hendersori from Davidson Motors Compa'ny was completely fraudulent from its inception. It follows- that the purported sale was an absolute nullity, and, *702 as a result, title never passed out of Davidson Motors Company until its sale for a valid consideration to Harvey, assignor of defendant herein.
The judgment is correct .and, accordingly, the same is affirmed at appellant’s cost.